NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0349n.06

No. 12-1768

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Apr 09, 2013*

DEBORAH S. HUNT, Clerk

WALTER ROBINSON and LISA THOMAS ROBINSON, )
)
)
Plaintiffs-Appellants, )
)
v. )
)
SELECT PORTFOLIO SERVICING, INC., )
a foreign corporation, and U.S. BANK )
NATIONAL ASSOCIATION, as Trustee, )
)
Defendants-Appellees. )

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

Before:  DAUGHTREY, McKEAGUE, and GRIFFIN, Circuit Judges.

**PER CURIAM.**  Like many Americans, plaintiffs Walter Robinson and Lisa Thomas Robinson purchased real property in late 2006 only to find themselves unable to make the requisite mortgage payments.  After their property was transferred in a foreclosure sale, the Robinsons brought suit against the defendants, Select Portfolio Servicing, Inc., and U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2007-2 Home Equity Pass-Through Certificates, Series 2007-2, in an effort to restore title to the property in the plaintiffs' names.  The district court dismissed the plaintiffs' complaint, ruling that the Robinsons failed to state a claim for relief that was plausible on its face.  We find no error and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In its order granting the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the district court succinctly summarized the facts relevant to resolving the issues on appeal:

> Plaintiffs Walter Robinson and Lisa Thomas Robinson entered into a loan with EquiFirst Corporation on November 13, 2006, to purchase property located at 115 Cascade Lane in Waterford, Michigan. As security for the loan, Plaintiffs granted a mortgage on the property to nonparty Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for EquiFirst Corporation.
>
> On September 16, 2008, Plaintiffs received notice of a default on the mortgage. On March 18, 2009, Plaintiffs and Defendant Select Portfolio, Inc. (SPS), a servicer, executed a Forbearance to Modification Agreement in connection with the Loan. Plaintiffs defaulted on the Forbearance Agreement and entered into a Home Affordable Modification Trial Period Plan [effective] October 1, 2009. On March 26, 2010, Plaintiffs were notified that they were in default on the Modification.
>
> Thereafter, foreclosure by advertisement proceedings were initiated. On July 23, 2010, MERS assigned the mortgage to U.S. Bank, as trustee, on behalf of the holders of the Home Equity Asset Trust 2007-2 Home Equity Pass-Through Certificates, Series 2007-2 ("Trust") to be effective on or before February 1, 2007. The property was sold on August 31, 2010, to U.S. Bank on behalf of the Trust, at a sheriff's sale for $141,169.03.
>
> Plaintiffs did not redeem the property, but filed suit in Oakland County Circuit Court on February 25, 2011, three days before the redemption period expired. In their lawsuit, Plaintiffs seek to quiet title (Count 1). Further, they allege that Defendants prevented Plaintiffs from entering into a loan modification and have been unjustly enriched as a result (Count II), that Defendants failed to comply with the state statute governing loan modifications (Count III), and that Defendants engaged in deceptive acts because the party foreclosing the mortgage was neither the owner of the indebtedness secured by the mortgage [n]or the servicing agent of the mortgage. (Count IV).

*Robinson v. Select Portfolio Servicing, Inc.*, No. 11-11357, 2011 WL 6122776, at *1 (E.D. Mich. Dec. 9, 2011) (citations omitted).

The defendants subsequently removed the state-court case to federal court, invoking the district court's diversity jurisdiction. They then filed with the court a motion to dismiss the action, both for lack of subject-matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief could be granted, Fed. R. Civ. P. 12 (b)(6). In granting that motion, the district court determined that the Robinsons' effort to quiet title by reference to a Michigan statutory provision would necessarily fail because the plaintiffs did not satisfy an additional requirement contained in another, related statutory section. Additionally, the district court concluded that the plaintiffs failed to allege sufficient facts to demonstrate the existence of any irregularities in affidavits challenged by them. Moreover, because the Robinsons were not a party to the assignment of their mortgage by MERS to the trust, the court determined that the plaintiffs had no standing to challenge any aspect of that assignment. The district court also dismissed the plaintiffs' claim of unjust enrichment because such a claim is not available to a party to an express contract. Finally, the district court dismissed the claim that the defendants engaged in deceptive acts or unfair practices, concluding that the state case upon which the claims were based was later reversed by the Michigan Supreme Court.

The plaintiffs filed a timely motion for reconsideration. In that motion, they not only reasserted the arguments previously raised before the district court but also, for the first

time, alleged violations of numerous other Michigan statutes. Finding that the Robinsons "failed to show a palpable defect by which the Court has been misled," the district court denied the motion for reconsideration, leading to the filing of this appeal.

## DISCUSSION

**Standard of Review**

When conducting *de novo* review of a district court's ruling granting a motion to dismiss, we must "accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir. 2007)). The complaint "need not contain 'detailed factual allegations,'" but it must consist of more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will thus survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" that is, "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

**Alleged Breach of Mich. Comp. Laws § 600.3205c**

In an effort to set aside the foreclosure sale of their property, the Robinsons assert that the defendants failed to abide by the requirements of Michigan Compiled Laws § 600.3205c and that such a statutory breach invalidated the transfer of the property. Pursuant to that state-law provision, certain procedures were put in place to assist homeowners facing loss of their homes as a result of the mortgage crisis that began in 2008. As recognized by the district court, however, the plaintiffs' claim to quiet title invoking § 600.3205c fails to state a claim upon which relief can be granted.

Pursuant to the express provisions of Michigan Compiled Laws § 600.3205a(6), "[i]f the borrower . . . previously agreed to modify the mortgage loan . . .[,] section[ ] 3205c do[es] not apply *unless the borrower has complied with the terms of the mortgage loan, as modified, for 1 year after the date of the modification*." (Emphasis added.) In this case, the Robinsons entered into a "home affordable modification trial period plan" that became effective on October 1, 2009. On March 26, 2010, however, not quite six months later, the plaintiffs were notified that they were in default of the loan modification. Thus, as stated by the district court in its order of dismissal, "Plaintiffs did not comply with the terms of the mortgage for a full year, and that failure excuses Defendants from compliance with the loan modification requirements in § 600.3205c. The provision simply does not apply here, and foreclosure by advertisement was allowed." *Robinson*, 2011 WL 6122776, at *3.

**Alleged Irregularities, Deceptions, and Unfair Practices**

Recognizing the statutory hurdle blocking their path to the protections afforded by the provisions of Michigan Compiled Laws § 600.3205c, the plaintiffs now allege numerous irregularities, deceptions, and unfair practices that, they argue, should excuse their noncompliance with Michigan Compiled Laws § 600.3205a(6). They first challenge the actual 2010 assignment of their mortgage by MERS to U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2007-2 Home Equity Pass-Through Certificates, Series 2007-2. According to the plaintiffs' argument, the trust improperly added mortgages to its pool even after the specified 2007 closing date of the trust. In fact, the plaintiffs contend that because MERS did not assign their mortgage loan to the trust until July 23, 2010, three years after the closing date, that assignment necessarily was invalid.

However, the plaintiffs were not a party to the MERS assignment to U. S. Bank. Thus, they have no standing to contest that transfer. *See, e.g.*, *Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 717 F. Supp.2d 724, 736-37 (E.D. Mich. 2010) ("a litigant who is not a party to an assignment lacks standing to challenge that assignment"), *aff'd in* 399 F. App'x 97 (6th Cir. 2010), *cert denied*, 131 S. Ct. 1696 (2011); *see also Bowles v. Oakman*, 225 N.W. 613, 614 (Mich. 1929) (promissor could not challenge obligations under a note by asserting that an invalid assignment had occurred). Nevertheless,

> [a]n obligor "may assert as a defense any matter which renders the assignment absolutely invalid or ineffective, or void." 6A C.J.S. *Assignments* § 132 (2010). These defenses include nonassignability of the instrument, assignee's lack of title, and a prior revocation of the assignment . . . . *Id.* Obligors have standing to raise these claims because they cannot otherwise protect themselves from having to pay the same debt twice. *Id.*

*Livonia Prop. Holdings, LLC*, 399 F. App'x at 102. Because the plaintiffs do not raise any such defenses, and because the Robinsons were never placed in a predicament that would require them to incur double payments on the same obligation, the district court did not err in concluding that the plaintiffs lacked standing to contest the validity of the assignment of their mortgage to the trust.

The plaintiffs further submit that U.S. Bank's efforts to foreclose upon the Robinsons' property should be voided because the attorney for the trust, Terese McDermott, did not have personal knowledge of the facts stated in her affidavit supporting that foreclosure, and because she did not sign the affidavit in the presence of a notary public. The allegation of lack of personal knowledge is based again upon the claim that the assignment of the mortgage to the trust occurred after the listed closing date of the trust. As noted previously, however, as nonparties to the assignment to the trust, the plaintiffs have no standing to contest that transfer of interest. Furthermore, the Robinsons have not offered any factual support for their claim that McDermott was without personal knowledge of the facts stated in her affidavit.

Likewise, the complaint in this matter contains nothing but a "naked assertion" that McDermott "may have signed the affidavit outside of the presence of a notary public." Consequently, absent "further factual enhancement," *see Twombly*, 550 U.S. at 557, the plaintiffs' pleading offered mere "labels and conclusions," *id.* at 555, and the district court appropriately granted the defendants' motion to dismiss the claim.

For the first time in their motion for reconsideration, the plaintiffs argued that the defendants also were guilty of unfair practices by violating provisions of a number of Michigan statutes that had not been referenced in the Robinsons' complaint and had not been brought previously to the district court's attention. The court need not address those allegations of error because "[a]rguments raised for the first time in a motion for reconsideration are untimely and forfeited on appeal." *Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 692 (6th Cir. 2012). Although this court has noted that the rule against consideration of such late-noticed objections is prudential, not jurisdictional, *id.*, there is no reason to depart from that rule in this matter.

**Claim of Unjust Enrichment**

The Robinsons also contend that the district court erred in dismissing their claim against the defendants for unjust enrichment. In Michigan, as elsewhere, however, a court will employ a theory of unjust enrichment to imply a contract "only if there is no express contract covering the same subject matter." *Fodale v. Waste Mgmt. of Mich., Inc.*, 718

N.W.2d 827, 841 (Mich. App. 2006). Because the parties entered into an express contract with respect to the property at issue, the district court properly dismissed the plaintiffs' claim that the defendants had been unjustly enriched by the foreclosure sale of the Robinsons' property.

**Propriety of Denial of Motion for Reconsideration**

The district court also did not err in denying the plaintiffs' motion for reconsideration. In that motion, the Robinsons argued once again that the foreclosure on their property was invalid because the defendants could not have received legal ownership of the mortgage loan. The plaintiffs asserted that relevant trust documents that were not reviewed by the district court supported their position that the trust closed years before U.S. Bank, as trustee, purported to acquire the mortgage loan.

"We review the district court's denial of a motion for reconsideration for abuse of discretion." *Evanston Ins. Co.*, 683 F.3d at 691. "The district court must grant a motion for reconsideration if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case." *Hansmann v. Fid. Invs. Inst'l Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (citations omitted). Because the Robinsons lack standing to challenge an assignment to which they are not a party, the district court did not abuse its discretion in concluding that it had not been misled by any palpable defect and that a different

disposition of the case would not have resulted from consideration of the plaintiffs' additional proffered evidence.

## CONCLUSION

For the reasons set out above, we AFFIRM the district court's judgment.