NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0492n.06

No. 14-2347

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| EMAD BREADIY and ORAIBE BREADIY, | ) | **FILED** |
| | ) | Jul 10, 2015 |
| Plaintiffs-Appellants, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| PNC MORTGAGE COMPANY, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE:     BOGGS and BATCHELDER, Circuit Judges, and HUCK, District Judge.[*]

HUCK, District Judge.

In this mortgage-foreclosure case, Emad and Oraibe Breadiy (Appellants) appeal the district court's grant of summary judgment to PNC Bank, N.A.[1] (PNC) on their claims for violation of Mich. Comp. Laws § 3205c, to quiet title, and to enjoin PNC from foreclosing-by-advertisement on Appellants' property. We have jurisdiction under 28 U.S.C. § 1291. Because Appellants had previously defaulted on a loan modification within one year of its execution, the district court correctly concluded that Mich. Comp. Laws §§ 600.3205a and 600.3205c, by their

---

[*] The Honorable Paul C. Huck, U.S. District Judge for the Southern District of Florida, sitting by designation.

[1] While Appellant has designated "PNC Mortgage, National Association" as the defendant, Appellee states that the real party in interest is actually PNC Bank, National Association.

own clear terms, did not apply to PNC Bank's foreclosure-by-advertisement of Appellants' property. Therefore, we affirm.

Appellants entered into a loan with PNC on January 2, 2009, to purchase real property located in the Township of Pittsfield, Michigan. PNC's mortgage interest in the property secured the loan. Appellants quickly fell behind on their payments, and by September 2009, were in default. Over the next two years, PNC modified the terms of Appellants' mortgage loan several times, and each time, Appellants defaulted. First, in March 2010, PNC offered Appellants a repayment agreement, upon which Appellants failed to make a single payment. Second, in March 2011, the parties executed a loan-modification agreement reducing the interest rate on Appellants' loan. Appellants defaulted on the loan modification as of September 2011. The following month, October 2011, PNC initiated foreclosure-by-advertisement on Appellants' property by serving notice on Appellants and scheduling a sheriff's sale. However, PNC suspended the foreclosure upon receiving Appellants' request for another modification of their mortgage loan. In February 2012, PNC pre-approved Appellants for this additional loan modification, but only on the precondition that Appellants first complete a trial repayment plan. Unsurprisingly, Appellants failed to make even the first payment due under the trial plan.

Based on Appellants' failure to meet the terms of PNC's trial repayment plan, PNC denied Appellants' request for an additional loan modification and informed them by letter that "[i]f foreclosure activity was previously suspended on your loan, it has now resumed." PNC resumed the foreclosure-by-advertisement proceedings that it had suspended, rescheduled the sheriff's sale of Appellants' property for May 17, 2012, and purchased the property at the sale. Appellants filed this suit on December 7, 2012, in Washtenaw County Circuit Court, seeking to quiet title based on PNC's alleged breach of Mich. Comp. Laws § 600.3205c and to enjoin

PNC's already-concluded foreclosure-by-advertisement. PNC removed to the United States District Court for the Eastern District of Michigan on January 15, 2013, under 28 U.S.C. § 1332. PNC moved for summary judgment on October 7, 2013, arguing, *inter alia*, that § 600.3205c did not apply to Appellants' complaint. The district court granted the motion on September 19, 2014. This appeal followed.

"We review *de novo* the district court's decision, applying the same Fed. R. Civ. P. 56 summary judgment standard used by the district court." *Shelby Cnty. Health Care Corp. v. S. Council of Indus. Workers Health and Welfare Trust Fund*, 203 F.3d 926, 933 (6th Cir. 2000). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Michigan legislature enacted Mich. Comp. Laws §§ 600.3205a through 600.3205d "to assist homeowners facing loss of their homes as a result of the mortgage crisis that began in 2008 . . . ." *Robinson v. Select Portfolio Servicing, Inc.*, 522 F. App'x 309, 311–12 (6th Cir. 2013). Sections 600.3205a through 600.3205d, which were repealed effective June 30, 2013, provided homeowners in default on their mortgage loans with protections such as detailed written notice of the pending foreclosure and the borrower's rights, Mich. Comp. Laws § 600.3205a(1)(a)-(h), and the option of meeting with a designated housing counselor to work out a loan modification, *id.* §§ 600.3205b & 600.3205c. Appellants contend that these provisions governed PNC's foreclosure-by-advertisement on their property, but the statute itself clearly indicates otherwise.

Under Mich. Comp. Laws § 600.3205a(6), "[i]f the borrower . . . previously agreed to modify the mortgage loan," then §§ 3205a, 3205b, and 3205c "do not apply unless the borrower has complied with the terms of the mortgage loan, as modified, for 1 year after the date of the

modification." It is undisputed that Appellants—in addition to defaulting on a modified repayment plan and a trial repayment plan—executed a loan-modification agreement in March 2011, which was in default within six months. Therefore, because Appellants did not comply with the terms of their modified mortgage loan for at least one year, § 600.3205a excused PNC from complying with the statute's notice and loan-modification workout provisions. *See Robinson*, 522 F. App'x at 312 ("Plaintiffs did not comply with the terms of the [modified] mortgage for a full year, and that failure excuses Defendants from compliance with the loan modification requirements in § 600.3250c." (quotations omitted)). In other words, Appellants' argument that PNC was subject to §§ 600.3205a and 600.3205c is plainly contradicted by the clear text of the statute itself, and is entirely without merit.

Appellants also argue that PNC violated §§ 3205a and 3205c by failing to respond with a denial in writing to Appellants' request for a change in the monthly amount due under PNC's trial repayment plan; by failing to inform Appellants that PNC's counsel was proceeding with the foreclosure when Appellants requested a modification of the trial repayment plan; and by failing to notify Appellants of the foreclosure-by-advertisement and sheriff's sale of their home. However, because the protections afforded to borrowers under § 600.3205c did not apply to Appellants, we decline to address these additional arguments on PNC's alleged non-compliance with the statute. Rather, we hold that the district court properly found that PNC was not subject to § 600.3205c in its foreclosure-by-advertisement of Appellants' property, and therefore was entitled to summary judgment on Appellants' claim that PNC violated that provision. We conclude that the district court also properly granted summary judgment on Appellants' quiet-

title and injunction claims, because neither claim provided an independent basis for relief, absent a showing that PNC had violated § 600.3205c.[2]

We finally note that we have considered ordering Appellants' counsel to show cause why sanctions should not be imposed in this case under Federal Rule of Appellate Procedure 38. We do not wish to discourage borrowers from marshaling any appropriate arguments to contest the forced sale of their homes, but we do insist that an attorney representing a borrower who is subject to a foreclosure-by-advertisement under Michigan law present a good-faith legal basis for challenging it. In this case, Appellants' counsel has invoked provisions of Mich. Comp. Laws § 600.3205c that have absolutely no application to the foreclosure at issue under their own plain, easily understandable terms. In other words, Appellants' arguments to the district court and to this court were meritless and frivolous.

We note Appellants' counsel argued the same frivolous legal theory in *Robinson v. Select Portfolio Servicing, Inc.*, which, as discussed above, this court unequivocally rejected in an unpublished decision dated April 9, 2013. *See* 522 F. App'x at 311–12. Significantly, we released our decision in *Robinson* six months *before* PNC moved for summary judgment in the district court, in this case. And yet, despite being placed on clear notice by the *Robinson* decision that § 600.3205c has no application to a case in which a borrower previously executed and defaulted within one year on a mortgage-loan modification, Appellant raised the same argument to the district court and to this court without attempting to distinguish *Robinson* or,

---

[2] The district court also found that, even if § 600.3205c did apply, Appellants would still not be entitled to the relief they sought, because Appellants did not challenge the sheriff's sale of their property within the statutory redemption period, and § 600.3205c does not provide the remedies sought by Appellants. However, because we find that § 600.3205c did not apply to the foreclosure-by-advertisement on Appellants' property, based on Appellants' default on a previous loan modification agreement, we need not reach the merits of these alternative bases for summary judgment in PNC's favor.

indeed, without even mentioning the decision.  We also note that at least one district court has found Appellants' counsel's argument on a mortgage-lender's purported breach of § 600.3205c to be "factually frivolous," because—as in this case—the facts clearly demonstrated that the statute did not apply to the borrower's case.  *See Hubbard v. Washington Mut. Bank, F.A.*, No. 11-12707, 2014 WL 495412, at *5 (E.D. Mich. Feb. 6, 2014), *aff'd*, 581 F. App'x 539 (6th Cir. 2014).

This is probably sufficient to warrant the *sua sponte* imposition of sanctions, as we have previously held that an appeal is sanctionable where it "was prosecuted with no reasonable expectation of altering the district court's judgment and for purposes of delay or harassment or out of sheer obstinacy."  *Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 676 (6th Cir. 1999) (quoting *Allinder v. Inter-City Prods. Corp. (USA)*, 152 F.3d 544, 552 (6th Cir. 1998)).  However, because PNC has not moved for sanctions, and because Appellants' counsel did not have the benefit of the warning that this opinion provides, we decline to impose sanctions at this time.  This opinion should provide readily apparent notice that this court may be willing to impose sanctions in the future, should Appellants' counsel continue to challenge foreclosures-by-advertisement by relying on provisions of Mich. Comp. Laws § 600.3205c that clearly do not apply.

The judgment of the district court is therefore AFFIRMED.