## Asa A. Prouty *vs.* Dwight Roberts.

It is no defence to an action on a note, by an indorsee against the maker, that the note was obtained from the payee by means of fraudulent representations, of which the indorsee had knowledge, when he received the note.

This was an action of assumpsit on a promissory note signed by the defendant, payable to Daniel Whitney or order, on demand, and indorsed by Whitney. The note was dated on the 12th of August, 1849, and was put in suit on the 22d of October following.

The defendant pleaded the general issue, and offered evidence to prove, that the note declared on was still the property of Daniel Whitney, the payee, and was never legally transferred by him, but was got out of his possession, by false and fraudulent pretences, by Hart and Forbes, who represented that they had $700 deposited in the savings bank in Greenfield, which they would draw out and loan to him, if he would give them the note, by means of which pretences they got possession of the same ; that these representations were false ; that Hart and Forbes had not and never had any money deposited in the savings bank; that the plaintiff, at the time he got possession of the note, knew that the same was thus fraudulently obtained from Whitney; and that he obtained it for a small consideration, much less than half the sum for which it was given.

The presiding judge (*Mellen*, J.) ruled that the above facts, if proved, would not constitute a defence in behalf of the defendant. A verdict was thereupon rendered for the plaintiff, and the defendant excepted.

*G. Grennell,* for the defendant, cited *Whitwell* v. *Vincent,* 4 Pick. 449; *McKenzie* v. *M'Rae,* 8 Porter, 70; *Thurston* v. *Blanchard,* 22 Pick. 18; *Stevens* v. *Austin,* 1 Met. 557; *Ash* v. *Putnam,* 1 Hill, 302.

*G. T. Davis,* for the plaintiff.

By THE COURT. The directions we think were right; the plaintiff proved a legal title to the note, and the facts proposed to be proved by the defendant could afford him no ground of defence. It was no fraud upon the defendant; he was called upon to pay only what he had undertaken to pay; and payment to the plaintiff would be a good discharge. *Knights* v. *Putnam,* 3 Pick. 184.          *Judgment on the verdict.*