### IRA CARRIER *vs.* MARSHALL SEARS.

In an action by the indorsee against the maker of a promissory note, it is no defence to prove that the plaintiff procured the indorsement by undue influence from the payee, when he was of unsound mind and incapable of making a valid indorsement, if the payee or his legal representatives have never disaffirmed it; or that the payee, for a valuable consideration, had agreed to give up the note at his death to the maker, reserving meanwhile the right to collect the interest thereon.

HOAR, J.*    This action is by the indorsee of a promissory note against the maker ; and the defendant offered to prove that the plaintiff procured the indorsement by undue influence from the payee, when he was of unsound mind and incapable of making

---

* This case was argued in September 1861.

a valid indorsement. This evidence was rejected, and we think it ought not to have been admitted. An indorsement is a contract; and the contract of an insane person, or one obtained by fraud or duress, is voidable and not void. 2 Bl. Com. 291. 2 Kent Com. (6th ed.) 451. *Seaver* v. *Phelps*, 11 Pick. 304. *Allis* v. *Billings*, 6 Met. 415. *Arnold* v. *Richmond Iron Works*, 1 Gray, 434. *Gibson* v. *Soper*, 6 Gray, 279. The right to avoid it is a personal right, which can only be exercised by the insane person, or his guardian, or representatives. The contract is binding upon the party who is of sound. mind, and his rights under it are not affected until it is avoided by the party entitled to disaffirm it. The property passes as to third persons.

The only case cited by the defendant upon this point is *Peaslee* v. *Robbins*, 3 Met. 164. That was an action upon a note by an indorsee against the promisor, and evidence was offered tending to prove that the payee, when he indorsed the note, had not sufficient mental capacity to make a valid transfer of it. To establish this, evidence was admitted as to his incapacity at the time the note was made to him, as well as after; and the admissibility of this evidence was the question raised upon the bill of exceptions. This court held that it was admissible, as tending to show his state of mind at the time he indorsed it. Whether his want of mental capacity was a defence of which the defendant could avail himself does not appear to have been questioned by either party, or by the court. Judge Wilde, in delivering the opinion, says : " The plaintiff is bound to show a legal transfer of the note, by proof of the handwriting of the indorser ; and it follows, as a necessary consequence, that the defendant must be allowed to impeach the plaintiff's title to the note by showing that the indorsement was void. Evidence therefore of the indorser's mental incapacity to make a valid contract, at the time he indorsed the note, was material evidence ; and not the less material because the same incapacity existed when the note was signed." These remarks of the learned judge, unexplained, would certainly countenance the position taken by the defendant in the case at bar ; and the report, as it stands, does not afford the necessary explanation. The point decided was only

that evidence of insanity at one time was competent as tending to prove insanity at a time shortly after. But the fact in the case was, as I well remember, that the defendant had been notified by the guardian of the insane payee not to pay the note to the plaintiff; and the defence was conducted by the guardian for the benefit of his ward. We have examined the record, and find in the original specification of defence the statement " that said Fletcher, as guardian to said Parker, (the payee of the note,) claims said note as the property or estate of said Parker." There was no controversy upon this point; and the guardian having claimed and exercised the right to disaffirm and avoid the indorsement, the only question was upon the mental incapacity of the payee at the time the indorsement was made. The language of the court was therefore perfectly warranted in its application to the circumstances of the case, as it was presented and understood by the parties, but would require limitation if taken as the enunciation of a general principle.

The other exception stated in the report is equally untenable. The plaintiff took the note when it was overdue, and therefore subject to any defence which would have been effectual if the action were by the payee. But the contract on which the defendant relies was an executory contract, not affecting in any degree the binding force of the note at the time it was indorsed. The payee had agreed, it is said, to give up the note at his death to the maker, reserving the right to collect the interest in the mean time; and this agreement was made upon a valuable consideration. But it is very clear that this agreement could not have been pleaded as a defence to an action upon the note. If the interest had not been paid, in an action on the note a recovery must have been had, not only for the interest, but the principal. But one suit could have been maintained upon it; and it would then have been impossible to ascertain for how many years the interest might become payable, if the principal were not collected. As was said by Mr. Justice Dewey in *Allen* v. *Furbish*, 4 Gray, 510, " the parol evidence would, if competent, prove that the plaintiff had not performed a stipulation

on his part to deliver up the note on the happening of a certain event."

The consideration of the agreement to deliver up the note at the death of the payee cannot be treated as a payment, because the note, by the agreement, was to continue in force as a note on which the whole interest was annually to be due and payable.

Nor can any debt due from the payee to the maker be allowed; because, 1. There is no answer in set-off; and, 2. There was no proof of any debt incurred by the payee; his promise to give up the note being the only contract proved on his part.

*Judgment on the verdict.*

*J. D. Colt & T. P. Pingree, Jr.,* for the plaintiff.
*H. W. Bishop & J. Tucker,* for the defendant.