BOWLES *v.* OAKMAN.

1. JUDGMENT—BILLS AND NOTES—PAYEE JOINING IN DEFENSE BOUND BY JUDGMENT.
   Where the payee, who alone could complain of fraud in the transfer of the note, although not formally a party to an action thereon by the holder, became such by joinder and participation, in the defense, he is bound by the judgment.

2. BILLS AND NOTES—MAKER MAY DEFEND ON GROUND THAT PLAINTIFF IS NOT OWNER.
   A maker, when sued on a note in the hands of one other than the payee, may defend on the ground that the plaintiff is not the owner, for the reason that he has a right to insist that he pay his obligation but once, and that to the true owner.

3. SAME—INDORSEE'S FRAUD RENDERS TRANSFER VOIDABLE RATHER THAN VOID.
   Fraud of the indorsee in negotiating the note did not render the transfer void, but at most it was voidable at the instance of those defrauded.

4. SAME—DEFENSE OF FRAUD BY TRANSFEROR NOT AVAILABLE TO MAKER.
   In an action by the owner of a note against the maker, the defense that the indorsee who negotiated the note had been guilty of fraud upon the payee or equitable owners was not available, and judgment should have been directed for plaintiff.

Error to Wayne; Hart (Ray), J., presiding. Submitted January 9, 1929. (Docket No. 27, Calendar No. 33,758.) Decided June 3, 1929. Rehearing denied September 4, 1929.

Assumpsit by Charles Bowles, indorsee, against Robert Oakman on a promissory note. Judgment for defendant. Plaintiff brings error. Reversed, with direction to enter judgment for plaintiff.

*Stephen V. Riffel,* for plaintiff.

*Julius J. Lechner* (*Laurence M. Sprague,* of counsel), for defendant.

CLARK, J.   Plaintiff Bowles sued on a promissory note, dated June 13, 1918, due in 90 days, for $873, payable to William S. Thomas and made by the defendant Oakman.   Thomas was named payee for convenience.   The note was one of a series owned by James Walker and his associates who had ventured into a land deal.   Thomas indorsed the notes without recourse.   Walker and his associates turned the note in question, with other notes, over to Bates to be negotiated and used for their benefit.   Bates indorsed in blank, and, in fraud of Walker and his associates, and in breach of trust, pledged the note in question with plaintiff to secure payment of his personal account to plaintiff, an attorney at law, for services rendered and to be rendered.

In December, 1919, a bill of complaint was filed in the Wayne circuit against Henry W. Bates, Robert Oakman, defendant here, and others, by James Walker and others.   Bates defended by plaintiff herein as his attorney.   The decree in that cause found that the note here in question and other notes rightfully belonged to Walker and his associates, and that Bates had transferred the note in question and other notes to unknown third parties (not parties to the cause) in fraud of the rights of Walker and his associates.   The decree, entered in 1922, is personal against Robert Oakman, that he

—"pay to the clerk of this court, three thousand nine hundred seventy-three ($3,973.00) dollars, with interest at the rate of six (6) per cent. per annum from the first day of November, A. D. 1919, and that

the said sum so paid to the clerk of this court, as aforesaid, be held by the said clerk, subject to the claim of the plaintiffs herein, and the claims of any third parties who are holders of the notes of the said Robert Oakman, as above set forth, and whose rights if any, are superior to the rights and equities of plaintiffs therein.''

It is understood that the amount decreed to be paid by Oakman was the remainder of his debt to Walker and his associates, and was the amount of the notes outstanding and in the hands of the unknown third parties. Oakman did not pay into court, but he did pay the amount to Walker and his associates by their attorney, and received back a bond to indemnify him against loss because of the outstanding notes.

Plaintiff's position in trial was that the fraud and breach of faith of Bates, transferee of the payee, or of the real owners of the note, as against such owners, were not equities within the meaning of the negotiable instruments law, and that defendant, who had on his own account no defense against the note, could not defend on the ground of fraud by a transferee against the payee or the owners, and plaintiff moved for directed verdict on the ground that the evidence disclosed no defense to his suit, which motion was reserved, and renewed after verdict by motion for judgment *non obstante* and denied.

The question submitted to the jury was whether plaintiff was a holder in due course. The jury found he was not, and, agreeable to instructions, returned a verdict of no cause of action, on which judgment for defendant was entered. Plaintiff brings error.

The decisive question is that verdict for plaintiff ought to have been directed. It is not contended that plaintiff is in anywise estopped by the decree above stated, nor by his participating as attorney for

Bates in the hearing of that cause (see note 34 A. L. R. 152). So it is assumed that there is no estoppel, that plaintiff was neither formally nor in effect a party to that cause, and that therefore none of his rights is concluded by the decree therein.

Defendant relies for affirmance chiefly on the case of *Horrigan* v. *Wyman,* 90 Mich. 121. There Wyman made his note to Moore, who transferred it to Roberts. The note was further transferred to plaintiff Horrigan. Moore gave notice to Wyman, the maker, that the note had been obtained of him by fraud and duress and without consideration, and that he would hold Wyman responsible for the amount of the note. Wyman, when sued, had no defense, except that Roberts had obtained the note from Moore by fraud, that an indorsee had defrauded the payee, which defense was tendered and made. The reporter, in writing the headnotes for that case, and counsel here in discussing it, overlooked an important feature disclosed by the opinion, namely, that Moore, the payee, himself undertook the defense of the case. Though not formally a party, Moore became one by joinder and participation, and hence a judgment in the cause would be conclusive upon him. *Walz* v. *Reliance Ins. Co.,* 221 Mich. 345. In legal effect, the defense was made by Moore, the payee, who alone could complain of the fraud. In the case at bar there is not even an intimation that Walker and his associates, who had owned the note and who were defrauded by Bates, are defending. The defense is by Oakman, the maker.

Cases are cited by defendant in which notes or other negotiable instruments were lost by or stolen from the payee or other holder. A maker, when sued on such instrument, may defend on the ground that the plaintiff is not the owner of the instrument,

does not have legal title to it, for the reason that the maker has a right to insist that he pay his obligation but once, and hence to the true owner. In the instant case Bates had title to the note. It was given to him to be by him negotiated. He negotiated it to plaintiff, who took title. The fraud of Bates did not render the transfer void. It was at most voidable at the instance of those defrauded. Plaintiff was the holder of the note, and had title to it at the time of trial. Therefore, such cases are not in point.

Oakman had no defense of his own to the note. He ought not to have been permitted the defense that an indorsee had been guilty of fraud upon the payee or the equitable owners. An adjudication upon such defense would not bind the persons defrauded, as they are not parties hereto, and it would be idle. This action is by the person having legal title to the note. A judgment herein is conclusive. It makes no difference to defendant who may have the equitable title to the note, as he has no defense on the merits.

If defendant had a defense of his own against the note, and for that reason had sought to show the said fraudulent transfer, a different question would be presented. *Fehr* v. *Campbell,* 288 Pa. 549 (137 Atl. 113, 52 A. L. R. 506, and note, 516).

It is said in *Gamel* v. *Hynds,* 34 Okla. 388 (125 Pac. 1115, Ann. Cas. 1914 C, 233):

"The assignor or indorser on negotiable instruments must protect his own interest, where he has been induced to assign or indorse through fraud; and the maker cannot defend or set up matters of defense which only exist between the indorser and indorsee.

"The maker of a promissory note cannot, in an action brought against him by the indorsee or transferee thereof, litigate questions that can properly arise only between the holder and his immediate indorser."

And in *Caldwell* v. *Lawrence,* 84 Ill. 161:

"The legal title of the note remaining in plaintiff, the fact the payee may have been the equitable owner, constitutes no sort of defense to the action. The suit was rightfully brought in the name of the party in whom was the legal title to the indebtedness, and it can make no difference to defendant who may have been the equitable owner of the note, if he had no defense on the merits."

And in *Robinson Reduction Co.* v. *Johnson,* 10 Colo. App. 135 (50 Pac. 215):

"The defendant undertook to inquire into the consideration of the assignments to the plaintiff, and the court refused to admit the evidence. If the defendant owed the debt, payment to the assignee would discharge it, and it is immaterial what, as between the assignors and the assignee, the consideration was, or whether there was any."

And see cases reviewed in note Ann. Cas. 1914 C 235.

It is said in the text of Joyce on Defenses to Commercial Paper (2d Ed.), § 247:

"And it is no defense to a negotiable note that the payee was fraudulently induced to transfer the note to plaintiff."

And in *Prouty* v. *Roberts,* 60 Mass. 19 (52 Am. Dec. 761), quoting syllabus:

"It is no defense to an action on a note, by an indorsee against the maker, that the note was ob-

tained from the payee by means of fraudulent representations, of which the indorsee had knowledge, when he received the note.''

*Crosby* v. *Tanner,* 40 Iowa, 136; *Hays* v. *Hathorn,* 74 N. Y. 486; *Kinney* v. *Kruse,* 28 Wis. 183; *Carrier* v. *Sears,* 86 Mass. 336 (81 Am. Dec. 707); *City Bank of New Haven* v. *Perkins,* 29 N. Y. 554 (86 Am. Dec. 332); 8 C. J. p. 716.

Reversed, with costs, and with direction to enter judgment for plaintiff.

NORTH, C. J., and FEAD, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.