**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0547n.06

No. 10-2564

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| BRUCE H. YUILLE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| AMERICAN HOME MORTGAGE | ) | COURT FOR THE  EASTERN |
| SERVICES, INC.; MORTGAGE | ) | DISTRICT OF MICHIGAN |
| ELECTRONIC REGISTRATION SYSTEMS, | ) | |
| INC.; DEUTSCHE BANK NATIONAL | ) | |
| TRUST COMPANY GSR MORTGAGE | ) | |
| LOAN TRUST 2006-OA1; MICHAEL J. | ) | |
| BOUCHARD, Oakland County Sheriff, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

FILED

*May 29, 2012*

LEONARD GREEN, Clerk

BEFORE:  BOGGS and GRIFFIN, Circuit Judges; BARZILAY, Judge.[*]

**PER CURIAM**

Bruce H. Yuille appeals the judgment in favor of defendants in this action arising out of the

foreclosure of the mortgage on his home.  For the reasons set forth below, we affirm.

In 2006, Yuille obtained a $3.6 million loan secured by a mortgage on his residence located

at 4424 Newcastle Drive, Clarkston, Michigan.  After Yuille defaulted on the loan, foreclosure

proceedings were instituted.  In March 2009, Yuille filed a complaint against American Home

Mortgage Services, Inc. ("AHMSI"), Mortgage Electronic Registration Systems, Inc. ("MERS"),

Deutsche Bank National Trust Company GSR Mortgage Loan Trust 2006-OA1 ("Deutsche"), and

---

[*] The Honorable Judith M. Barzilay, Senior Judge for the United States Court of International
Trade, sitting by designation.

Oakland County Sheriff Michael J. Bouchard in the Oakland County Circuit Court, seeking to stop

the foreclosure and the scheduled sheriff's sale. AHMSI removed the case to the district court,

asserting diversity of citizenship. *See* 28 U.S.C. §§ 1332, 1446. After defendants cancelled the

sheriff's sale and represented that they would forego foreclosure until the conclusion of this

litigation, the district court granted Sheriff Bouchard's motion to dismiss and denied Yuille's motion

to remand.[1]

Yuille's amended complaint asserted four counts against defendants: (1) an action to quiet

title pursuant to Michigan Compiled Laws § 600.2932; (2) defamation; (3) a violation of the

---

[1] The federal courts have diversity jurisdiction under 28 U.S.C. § 1332 only if, *inter alia*, each plaintiff is diverse from each defendant. *Strawbridge v. Curtiss*, 3 Cranch 267 (1806), *overruled on other grounds*, *Louisville, Cincinnati, & Charleston R.R. Co. v. Letson*, 43 U.S. 497 (1844). Federal Rule of Civil Procedure 21 allows a court to preserve its diversity jurisdiction by "drop[ping]" a non-diverse, dispensable party. FED. R. CIV. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). The district court, however, did not take this tack. Instead, in an order titled "Opinion and Order Denying Plaintiff's Motion to Remand and Granting Defendant Sheriff Michael J. Bouchard's Motion to Dismiss," it held that, because the Sheriff represented to the court that he would not sell Yuille's house before the conclusion of this litigation, "Plaintiff faces no danger that the Sheriff will sell his property, [and thus] Plaintiff lacks standing to sue the Sheriff."

The district court's order exceeded its limited jurisdiction under § 1332. We do not believe, however, that this error warrants remand. We have reviewed the record, and determined that Sheriff Bouchard is a dispensable party. The district court, therefore, could have "drop[ped]" him, under FED. R. CIV. P. 21. We have the same authority. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837 (1989) ("hold[ing] that the courts of appeals have the authority to dismiss a dispensable nondiverse party."). We therefore hold that the district court exceeded its authority by deciding Sheriff Bouchard's motion, *see Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) ("[n]either party has questioned . . . jurisdiction, but it is the duty of this court to see to it that the jurisdiction of the circuit court, which is defined and limited by statute, is not exceeded. This duty we have frequently performed of our own motion."), but drop Sheriff Bouchard from the case on our own initiative because he is a dispensable non-diverse party. *See id.*; FED. R. CIV. P. 21.

Were we to remand on jurisdictional grounds, the district court could simply drop Sheriff Bouchard under Rule 21, decline to send the case to state court, and render again the decision it rendered here. Such waste is needless. We proceed to the merits.

Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act, Michigan Compiled Laws § 445.1672; and (4) a violation of the Michigan Consumer Protection Act, Michigan Compiled Laws § 445.903. Following discovery, the parties filed cross-motions for summary judgment. A magistrate judge recommended that Yuille's motion be denied and that defendants' motion be granted. Over Yuille's objections, the district court adopted the magistrate judge's report and recommendation, granted defendants' motion for summary judgment, and entered judgment in favor of defendants. This timely appeal followed.

We review de novo the district court's summary judgment determination. *Anton v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 634 F.3d 364, 367 (6th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Yuille's appellate briefs address only the dismissal of his quiet-title claim; he does not challenge the dismissal of his defamation and other statutory claims. Accordingly, we deem those claims abandoned. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005).

Seeking a declaration that the mortgage on his residence is unenforceable, Yuille brought an action to quiet title, which is "equitable in nature." Mich. Comp. Laws § 600.2932(5). The district court initially found that Yuille was foreclosed from equitable relief under the unclean-hands doctrine. That doctrine applies to quiet-title actions, *see McFerren v. B & B Inv. Grp.*, 655 N.W.2d 779, 783 (Mich. Ct. App. 2002), and "closes the doors of equity to one tainted with inequitableness or bad faith relative to the matter in which he or she seeks relief, regardless of the improper behavior of the defendant." *Richards v. Tibaldi*, 726 N.W.2d 770, 779 (Mich. Ct. App. 2006). The district court properly applied the unclean-hands doctrine, since Yuille received $3.6 million in exchange

for the note and mortgage, failed to pay that debt as he agreed, and then sought judicial assistance in avoiding his contractual obligations.

The district court also rejected Yuille's quiet-title claim on the merits, concluding that Yuille failed to establish that his title was free of valid liens. Under Michigan law, the plaintiff bears the burden of proof in an action to quiet title; once the plaintiff makes out a prima facie case of title, "the defendants then have the burden of proving superior right or title in themselves." *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n*, 600 N.W.2d 698, 700 (Mich. Ct. App. 1999).

According to Yuille, he established a prima facie case of title by presenting a certified copy of the warranty deed at a hearing before the magistrate judge. The deed does not appear in the record below. In any event, as the district court noted, the undisputed evidence established that: (1) Yuille signed the note and mortgage, both of which identified the lender as American Brokers Conduit ("ABC"); (2) under the terms of the mortgage, Yuille mortgaged the property to MERS, as nominee of ABC and ABC's successors and assigns, and to MERS's successors and assigns; (3) Yuille failed to make payments, as the note required; and (4) Deutsche, as trustee for the GSR Trust, is currently in possession of the note, which is endorsed in blank by ABC. Defendants presented evidence that MERS assigned the mortgage to Deutsche, as trustee for the GSR Trust. We agree with the district court that any defect in the written assignment of the mortgage would make no difference where both parties to the assignment ratified the assignment by their subsequent conduct in honoring its terms, *see Long v. City of Monroe*, 251 N.W. 582, 587 (Mich. 1933), and that Yuille, as a stranger to the assignment, lacked standing to challenge its validity, *see Bowles v. Oakman*, 225 N.W. 613, 614 (Mich. 1929); 6A C.J.S. *Assignments* § 132.

Yuille argued that a MERS mortgage, which allegedly "separates the promissory note from the mortgage and allows the lender to trade the Note separately from the mortgage," is unenforceable. In rejecting Yuille's argument, the district court did not violate *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), by citing other federal district court cases relying on Michigan law. Nor did the district court err in not certifying this issue to the Michigan Supreme Court, since certification is discretionary and is "most appropriate when the question is new and state law is unsettled." *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995); *see also* Mich. Ct. R. 7.305(B)(1). Michigan courts have upheld the validity of MERS mortgages, most recently in *Residential Funding Co. v. Saurman*, 805 N.W.2d 183 (Mich. 2011); *see also Corgan v. Deutsche Bank Nat'l Trust Co.*, No. 1:09-cv-939, 2010 WL 2854421, at *3–*4 (W.D. Mich. July 20, 2010).

Even if Yuille acted with clean hands, his quiet title claim failed. The record established a valid note and mortgage, both of which had been assigned to Deutsche, as trustee for the GSR Trust, as well as Yuille's default. Accordingly, we AFFIRM the district court's judgment in favor of defendants.