**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0332n.06

No. 12-1688

**FILED**
*Apr 04, 2013*
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

KENNETH L. WHITE,

     **Plaintiff-Appellant,**

v.

JPMORGAN CHASE BANK, NA,

     **Defendant-Appellee,**

CITIBANK, NA,

     **Defendant.**

                           /

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

BEFORE:    MERRITT, CLAY, and GRIFFIN; Circuit Judges.

     **CLAY, Circuit Judge.** Plaintiff Kenneth L. White appeals from the district court's final judgment granting in part Defendant JP Morgan Chase Bank's motion for summary judgment finding that the Plaintiff was not the real party in interest to enforce a cashier's check issued by Defendant, and from the subsequent order denying Plaintiff's motion to reconsider. For the following reasons, we **AFFIRM** the district court's grant of summary judgment to Defendant and denial of Plaintiff's motion to reconsider.

**BACKGROUND**

**A.    Factual Background**

As president and sole shareholder of Steigmeyer, Inc., Plaintiff entered negotiations on behalf of the corporation to sell corporate assets to a buyer.  In October 2007, Plaintiff and the buyer allegedly made an oral agreement to sell certain Steigmeyer, Inc. assets and transfer certain debts for a price of $175,000.  Plaintiff was given a $75,000 cashier's check with his name listed as the payee.  However, Plaintiff admitted in his complaint that he received the check "as president and sole shareholder of Steigmeyer, Inc." and that he "deposited the check into Steigmeyer, Inc.'s bank account with Defendant."  (R. 1, Ex. 2. Verified Compl. ¶ 16.)

A dispute arose between Plaintiff and the buyer shortly thereafter concerning the proposed written terms of the asset sale.  The buyer disagreed with the terms as proposed by Plaintiff, and thus called off the deal and ordered a stop payment on the cashier's check, which Defendant honored.  Negotiations recommenced days later, after which, on October 15, 2007, a new agreement was entered into.  Plaintiff (on behalf of Steigmeyer, Inc.) and the buyer entered into a written asset sales contract for $100,000.  Plaintiff received and deposited a second cashier's check in the amount of $100,000 into Steigmeyer, Inc.'s account the next day.  However, despite clear contractual terms to the contrary, Plaintiff alleges that he and the buyer orally agreed to the original $175,000 purchase price and that the $75,000 cashier's check was to remain as the first deposit.

On July 15, 2010, Steigmeyer, Inc., was formally dissolved.  Plaintiff asserts that he is individually entitled to the $75,000 cashier's check because his name appeared on the check.  He urges that Defendant violated Michigan law when it dishonored the cashier's check and charged back the amount of the check to Steigmeyer, Inc.'s account.

2

**B.      Procedural History**

In August 2010, Plaintiff filed suit against Defendant in the Kent County Circuit Court for the alleged wrongful dishonor of the $75,000 cashier's check.[1]  Defendant removed the case to the district court, and after discovery moved for summary judgment in June 2011 on a number of bases, including that Plaintiff was not the real party in interest as required by Federal Rule of Civil Procedure 17(a).

In November 2011, the district court granted in part the motion for summary judgment on Rule 17(a) grounds.  Specifically, the district court found that Steigmeyer, Inc., and not Plaintiff, was the real party in interest because: (1) Plaintiff admitted that he received the cashier's check as a representative of the corporation and that he deposited the check into the corporation's account, (2) the back charge was to Steigmeyer, Inc.'s account and not Plaintiff's personal account, and (3) the underlying agreement for which the check was made out was entered into by Steigmeyer, Inc. (not Plaintiff).  The district court dismissed the action without reaching the merits of the dishonor claim.  The district court further noted that Plaintiff had adequate time prior to its ruling to cure the defect and that dismissal did not preclude the action from being re-filed in the proper party's name.

Plaintiff then moved for reconsideration, which was denied on April 30, 2012.  The district court found that  Plaintiff's new legal argument—that he was successor in interest upon Steigmeyer Inc.'s dissolution—could have been raised before the grant of summary judgment.  The district court noted that Michigan law would have nonetheless required the corporation (which had dissolved only one month prior to the filing of the suit) to commence the action as part of its winding-up process,

---

[1]The action against Citibank, N.A., was voluntarily dismissed with prejudice.  (R. 19, Order, 12/6/2010.)

3

and that Plaintiff failed to show that he was entitled to the proceeds in the absence of documentation that creditors had been paid.

On May 22, 2012, Plaintiff timely appealed from the district court's orders granting Defendant summary judgment and denying Plaintiff's motion for reconsideration. Plaintiff argues that the district court erred in considering the underlying asset agreement because Defendant was not a party to the contract. Plaintiff's principle argument is that he is the real party in interest because his name was listed on the cashier's check and that Defendant violated Michigan law by not honoring the check according to its terms.

## DISCUSSION

## I. PLAINTIFF IS NOT THE REAL PARTY IN INTEREST

### A. Standard of Review

This Court reviews a district court's grant of summary judgment *de novo*. *ACLU of Ohio Found., Inc. v. DeWeese*, 633 F.3d 424, 428 (6th Cir. 2011). Summary judgment should be granted where "there is no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). That is, summary judgment is proper when the nonmoving party fails to establish an essential element of its case, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), despite this Court drawing all reasonable inferences in favor of the non-moving party, *Wuliger v. Mfrs. Life Ins. Co.*, 567 F.3d 787, 792 (6th Cir. 2009).

### B. Legal Framework

"An action must be prosecuted in the name of the real party in interest," Fed. R. Civ. P. 17(a)(1), which is the party "who is vested with the right of action on a given claim," *Weston v. Dowty*, 414 N.W. 2d 165, 167 (Mich. Ct. App. 1987). "The real party in interest analysis turns upon whether

4

the substantive law creating the right being sued upon affords the party bringing the suit a substantive right to relief." *Ceratin Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 43 (6th Cir. 1994). This follows from the long-standing principle that parties must assert their own rights and not the rights or interests of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975). This same principle is no less applicable to corporations, which are generally required to file actions in the name of the entity and not that of a stockholder or an officer. *See Mich. Nat. Bank v. Mudgett*, 444 N.W. 2d 534, 536 (Mich. Ct. App. 1989). Any injury to a stockholder that is merely derivative of the corporation's injury will not give that stockholder a right to bring an independent cause of action. *Id.*; *Walker v. Mich. Public Serv. Comm*, 201 F.3d 442, at *2 (6th Cir. 1999) (unpublished table decision).

To be sure, however, the inquiry before this Court is not one of Article III standing. *See Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531–32 (6th Cir. 2002) (detailing the distinction between Article III standing and Rule 17(a)). Rather, the question is whether Michigan's substantive law precludes Plaintiff from bringing this diversity action despite possibly having constitutional standing. *See Certain Interested Underwriter*, 26 F.3d at 43. Rule 17(a) serves to protect a defendant from double liability, which could potentially result if the party that is actually entitled to recover files a subsequent action. *Zurich*, 297 F.3d at 531. Thus, a defendant sued on a negotiable instrument "may defend on the ground that the plaintiff is not the owner of the instrument, does not have legal title to it, for the reason that the maker has a right to insist that he pay his obligation but once, and hence to the true owner." *Bowles v. Oakman*, 225 N.W. 613, 614 (Mich. 1929). Where a court finds that a plaintiff is not the real party in interest, the court may dismiss the action when

the real party in interest has nonetheless failed to ratify, join, or substitute into the action despite the passage of reasonable time. Fed. R. Civ. P. 17(a)(3).

####    C.        Analysis

We find that Plaintiff is not the real party interest because he does not have a legal right of enforcement under Michigan law. Michigan's Uniform Commercial Code holds a bank liable for failing to pay a cashier's check according to its terms. Mich. Comp. Laws § 400.3412. However, the bank's duty to pay the cashier's check according to its terms is owed only to the individual or entity entitled to enforce the note. *See id.* The right of enforcement rests only with (1) "the holder of the instrument;" (2) "a nonholder in possession of the instrument who has the rights of a holder;" or (3) a person who is not in possession but is entitled to enforce under sections 440.3309 or 440.3418(4). *See id.* § 440.3301. Section 440.3309 permits enforcement by a party who has permanently lost possession of the cashier's check and such loss did not result from a valid transfer or lawful seizure. Section 440.3418(4) permits enforcement by a party who has lost possession of a cashier's check that was mistakenly paid by the bank to someone other than that party.

Though Plaintiff was named on the cashier's check, he no longer was the holder after he negotiated the instrument to Steigmeyer, Inc. Generally, a party named on the negotiable instrument is the payee and holder of the instrument with the right of enforcement. *See* Mich. Comp. Laws § 440.3110. However, once the instrument (here, the cashier's check) is negotiated to another party, that subsequent party becomes the holder with the right of enforcement. *Id.* § 440.3201(1) ("'Negotiation' means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder."). Where, as is the case here, there is a payee named on the cashier's check, negotiation occurs once the check is

6

endorsed and possession is transferred to another party. *Id.* § 440.3201(2). Once the check has been validly negotiated, the payee loses the right of enforcement as he is no longer in possession and cannot claim a right under sections 440.3309 or 440.3418(4). *See id* § 440.3301.

Plaintiff adamantly asserts that he is the holder of the cashier's check (and therefore the real party in interest) because it is his name that appears on the check. But even assuming Plaintiff was the intended payee,[2] he glosses over what was clearly a negotiation of the cashier's check when the check was admittedly endorsed and deposited into Steigmeyer, Inc.'s bank account. If it were simply a deposit into his *personal* account, then Plaintiff's argument would have more traction because he would still be in possession of the funds deposited from the check. However, contrary to Plaintiff's claims on appeal, the account to which the check was deposited was not his personal account, but instead was an account belonging to the corporation, a separate legal entity. As a separate legal entity,[3] with a bank account in its own name, it was Steigmeyer, Inc. that received the proceeds from the cashier's check upon deposit, not Plaintiff. Thus, contrary to Plaintiff's assertion, the endorsement and deposit into the Steigmeyer account was a negotiation of the cashier's check to Steigmeyer, Inc. *See id.* § 440.3201(2). Steigmeyer, Inc. thereafter took title of the cashier's check.

---

[2]Plaintiff admitted in his verified complaint that he accepted the check as president and sole shareholder of Steigmeyer, Inc., and thus, he owed a fiduciary duty to the corporation to refrain from self-dealing. *See* Mich. Comp. Laws § 450.1541a. Moreover, Plaintiff's admission suggests that Steigmeyer, Inc. was the intended payee despite whose name appeared on the check. *See* Mich. Comp. Laws § 440.3110(1) ("The instrument is payable to the person intended by the signer even if that person is identified in the instrument by a name or other identification that is not that of the intended person.").

[3]"A corporation exists as an entity apart from its shareholders, even where the corporation has but one shareholder." *Fassihi v. Sommers, Schwartz, Silver, Schwartz & Tyler, P.C.*, 309 N.W. 2d 645, 648 (Mich. Ct. App. 1981).

Consequently, Plaintiff cannot enforce the cashier's check under Mich. Comp. Laws § 440.3301, and thus, he is not the real party in interest under Rule 17(a).

Accordingly, we find that the district court properly granted the motion for summary judgment.

## II.    MOTION TO RECONSIDER

Though this Court generally reviews a district court's denial of a motion to alter or amend under Rule 59(e) for abuse of discretion, we apply a *de novo* standard of review when the motion seeks review of a grant of summary judgment. *ACLU of Ky. v. McCreary Cnty., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010). A court may grant a timely filed 59(e) motion only where there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Id.* (citation and internal quotation marks omitted). Such a motion does not permit a litigant to re-argue a case or present new arguments that could have been raised prior to judgment. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008).

Plaintiff presented no newly discovered evidence or intervening change in controlling law in his motion to reconsider. Rather, he argued that even if he was not the real party in interest, he was the successor in interest to the now defunct Steigmeyer, Inc.; as such, he asserted that he had the right to enforce payment on the cashier's check. He advances this same claim on appeal. However, the district court properly denied the motion because this argument could have been presented in Plaintiff's response to the motion for summary judgment, before the district court entered its order on the summary judgment motion. *See id.* Consequently, we also do not reach the merits of this argument as it was not properly preserved for appellate review. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008).

For the foregoing reasons, we **AFFIRM** the district court's orders granting Defendant summary judgment and denying Plaintiff's motion for reconsideration.