# STATE OF MICHIGAN

# COURT OF APPEALS

---

STEPHEN HAGERMAN and
ELISABETH HAGERMAN,

Plaintiffs-Appellants,

v

NATIONSTAR MORTGAGE, L.L.C., and
CITIBANK, N.A.,

Defendants-Appellees,

and

FEDERAL DEPOSIT INSURANCE
CORPORATION,

Defendant.

UNPUBLISHED
February 17, 2015

No.  319271
Oakland Circuit Court
LC No.  2013-131729-CH

---

Before:  FORT HOOD, P.J., and JANSEN and GADOLA, JJ.

PER CURIAM.

Plaintiffs, Stephen Hagerman and Elisabeth Hagerman, appeal as of right an opinion and order granting summary disposition to defendants, Nationstar Mortgage, L.L.C. and Citibank N.A., in this action to quiet title.  We affirm.

In 2006, plaintiffs entered into a mortgage with Citizens First Mortgage for real property located in West Bloomfield, Michigan.  The loan was modified in January 2009.  In 2010, the State of Michigan closed CF Bancorp, which was the parent company of Citizens First Mortgage.  The Federal Deposit Insurance Corporation (FDIC) was named the receiver.  The FDIC assigned plaintiffs' mortgage to defendant Citibank, and the assignment was recorded.  In 2012, plaintiffs defaulted on the mortgage, and in August 2012, defendant Nationstar Mortgage (the presumed servicer of the loan), provided plaintiffs with a foreclosure notice pursuant to MCL 600.3205a, signaling an intent to foreclose by advertisement.  Plaintiffs attempted to negotiate a modification but were denied.  Defendants proceeded with publishing a notice of foreclosure for four consecutive weeks, beginning December 12, 2012.

On January 18, 2013, plaintiffs filed an action to quiet title against defendants, alleging that the assignment of the mortgage to defendants was invalid and, thus, plaintiffs had superior

-1-

title over defendants.[1]  Defendants filed a motion for summary disposition asserting that (1) the assignment was validly recorded, and a mortgagee of record is entitled to foreclose, (2) plaintiffs did not have standing to challenge the assignment because they were not parties to the assignment, (3) the quiet title action lacked merit because plaintiffs did not have superior title, and (4) plaintiffs had unclean hands.  The trial court granted defendants' motion in full, and plaintiffs now appeal.

Plaintiffs argue that the trial court erred in finding that plaintiffs lacked standing to challenge the assignment of the mortgage.  We disagree.

A grant or denial of summary disposition based upon a failure to state a claim is reviewed de novo on appeal.  *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013).  A motion under MCR 2.116(C)(8) "tests the legal sufficiency of the pleadings alone." *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010).  A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004).  This Court reviews a "motion brought under MCR 2.116(C)(10) by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008).

Plaintiffs lack standing to challenge the assignment of the mortgage.  The long-settled rule in Michigan is that a person who is not a party to an assignment lacks standing to challenge it.  *Bowles v Oakman*, 246 Mich 674, 678; 225 NW 613 (1929).  In *Bowles*, the Michigan Supreme Court held that a promissor could not challenge obligations under a promissory note by asserting that an invalid assignment had occurred.  "The maker of a promissory note cannot, in an action brought against him by the indorsee or transferee thereof, litigate questions that can properly arise only between the holder and his immediate indorser." *Id*. at 679 (citation omitted). See also *Warth v Seldin*, 422 US 490, 499; 95 S Ct 2197; 45 L Ed 2d 343 (1975) (stating that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").  In *Bowles*, the Court explained that challenges to the assignment by the nonparty plaintiff were limited to those which might give rise to double obligation on the debt.  "A maker, when sued on such instrument, may defend on the ground that the plaintiff is not the owner of the instrument, does not have legal title to it, for the reason that the maker has a right to insist that he pay his obligation but once, and hence to the true owner." *Bowles*, 246 Mich at 677-678.

Federal courts have also analyzed this issue as it applies to Michigan law.  In *Livonia Props Holdings, LLC v 12840-12976 Farmington Rd Holdings, LLC*, 399 F Appx 97, 102-103 (CA 6, 2010), the United States Court of Appeals for the Sixth Circuit affirmed the district court and held that the plaintiff mortgagor lacked standing to challenge an underlying assignment of the mortgage.

---

[1] There were other counts included in plaintiffs' complaint, which are not challenged on appeal.

[E]ven if there was a flaw in the assignment, [the plaintiff] does not have standing to raise that flaw to challenge [the defendant's] chain of title. As recognized by the district court, there is ample authority to support the proposition that "a litigant who is not a party to an assignment lacks standing to challenge that assignment." [*Livonia Props Holdings, LLC v 12840-12976 Farmington Rd Holdings, LLC*, 717 F Supp 2d 724, 736-737 (ED Mich, 2010).] An obligor "may assert as a defense any matter which renders the assignment absolutely invalid or ineffective, or void." 6A CJS Assignments § 132 (2010). These defenses include nonassignability of the instrument, assignee's lack of title, and a prior revocation of the assignment, none of which are available in the current matter. *Id*. Obligors have standing to raise these claims because they cannot otherwise protect themselves from having to pay the same debt twice. *Id*. [*Livonia Props*, 399 F Appx at 102.]

Here, plaintiffs admit they defaulted under the mortgage by failing to make their required payments, which triggered defendants' right to foreclosure. Thus, plaintiffs have no defenses to payment or foreclosure under the loan documents. By arguing only that the assignment of mortgage was invalid, plaintiffs seek to assert the rights of third parties, where there is no evidence that those parties object to the assignment. Furthermore, there is no evidence that plaintiffs' concerns about the assignment relate to the need to protect themselves from double liability. Thus, plaintiffs lack standing to challenge the underlying assignment.

We further reject plaintiffs' reliance on *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349; 792 NW2d 686 (2010). Plaintiffs assert that a holding that plaintiffs lacked standing to challenge the assignment of the mortgage "is a clear contradiction to Michigan's standing doctrine." We disagree. In *Lansing Sch Ed Ass'n*, the Court stated:

We hold that Michigan standing jurisprudence should be restored to a limited, prudential doctrine that is consistent with Michigan's long-standing historical approach to standing. Under this approach, a litigant has standing whenever there is a legal cause of action. . . . Where a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing. A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant. [*Id.* at 372.]

Plaintiffs assert that they have general standing to bring an action to quiet title pursuant to MCL 600.2932. However, while plaintiffs may be able to bring a quiet title action pursuant to MCL 600.2932, the statute does not speak to the specific nature of the challenge brought by plaintiffs in this case—the invalidity of the underlying assignment. Further, plaintiffs lack a substantial interest that may be detrimentally affected by the assignment. While the assignment generally relates to their property, there is no question that the mortgagee, whoever that may be, had the right to seek foreclosure based on plaintiffs' default and failure to cure. Plaintiffs were not in further danger of losing their home because of the assignment. Thus, plaintiffs' argument fails.

Even assuming plaintiffs had standing to challenge the assignment of the mortgage, we

further hold that summary disposition was appropriate on the merits of plaintiffs' claim to quiet title. In a quiet title action, the plaintiff has the initial burden of proof to establish that they have title to the land. *Beulah Hoagland Appleton Qualified Personal Residence Trust v Emmet Co Rd Comm*, 236 Mich App 546, 550; 600 NW2d 698 (1999). It is then up to the defendant to prove that their title is superior to that of plaintiffs. *Id*. Here, it is clear that defendants have superior title to the property, evidenced by the assignment recorded in the Oakland County Register of Deeds. Pursuant to MCL 600.3204(3), defendants are able to foreclose because there is a record chain of title evidencing the assignment of the mortgage. Plaintiffs offer no evidence or even argument to challenge the recorded assignment. Plaintiffs, on the other hand, are in default on the mortgage. Therefore, defendants hold superior title over plaintiffs.

Based on our stated disposition, it is unnecessary to address plaintiffs' final issue relating to unclean hands.

Affirmed. Defendants, the prevailing parties, may tax costs. MCR 7.219.

/s/ Karen M. Fort Hood
/s/ Kathleen Jansen
/s/ Michael F. Gadola