*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

RCS RECOVERY SERVICES, LLC,

Plaintiff-Appellee,

v

PAUL MITCHELL,

Defendant-Appellant.

UNPUBLISHED
March 14, 2019

No. 342133
Macomb Circuit Court
LC No. 2016-003100-CK

Before: BORRELLO, P.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Defendant, Paul Mitchell, executed a mortgage on real property located in Davison, Michigan. The interest in the mortgage was eventually foreclosed. Plaintiff, RCS Recovery Services, LLC, sued defendant for breach of the mortgage covenant. The trial court granted plaintiff's motion for summary disposition and entered a judgment in favor of plaintiff. Defendant appeals as of right the trial court's order granting plaintiff's motion for summary disposition. We affirm.

*Admissibility of Business Records.* Defendant first argues that the trial court erroneously admitted the mortgage agreement documents into evidence, as business records under MRE 803(6). Defendant argues that an affidavit submitted by Rachel Golbin, an employee of plaintiff, was insufficient to lay a proper foundation for the admission of the documents. We disagree.

Generally, for an issue to be preserved for appellate review, it must be raised, addressed, and decided by the trial court. *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). Defendant did not argue in the trial court that the mortgage agreement was inadmissible under MRE 803(6) because Golbin's affidavit was insufficient to lay a proper foundation for its admission into evidence. Therefore, this issue is unpreserved for appellate review. Although appellate consideration of unpreserved claims of error is disfavored, *People v Frazier*, 478 Mich 231, 241; 733 NW2d 713 (2007), we will briefly address the issue. Our review of the trial court record regarding this issue reveals that that defendant's argument is without merit.

The decision whether to admit evidence is within a trial court's discretion. This Court reverses such a decision only where there has been an abuse of discretion. *People v Katt*, 468 Mich 272, 278; 662 NW2d 12 (2003). If the decision involves a preliminary question of law, then this Court will review that question de novo. *Id*. When such preliminary questions are at issue, "we will find an abuse of discretion when a trial court admits evidence that is inadmissible as a matter of law." *Id*.

MRE 803(6), the hearsay exception for business records, provides:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> * * *
>
> (6) Records of Regularly Conducted Activity. A memorandum, report, record, or data compilation, in any form, of acts, transactions, occurrences, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness . . .unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. [MRE 803(6).]

Defendant contends that the mortgage-agreement documents should not have been admitted under MRE 803(6) because Golbin's affidavit did not establish a foundation for their admission. Defendant's argument regarding the proper foundation for the admission of the mortgage-agreement documents under the business-record exception reflects a misunderstanding of the nature of evidence submitted to a trial court on a motion for summary disposition. Plaintiff was not required to lay a foundation for the admission of the documents at the summary disposition stage in the same manner that would be required if the documents were being admitted at trial. See *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 373; 775 NW2d 618 (2009). In a summary disposition proceeding, evidence need not be in admissible form, but need only be admissible in content. *Id*. "Affidavits, depositions, admissions, and documentary evidence offered in support or opposition to a motion under MCR 2.116(C)(10) may only be considered to the extent that the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion." *Id*. (cleaned up), quoting MCR 2.116(G)(6). "[A]s long as there was a plausible basis for the admission" of the mortgage agreement documents, plaintiff "did not have to lay the foundation for the admission of those documents." See *id*. A plausible basis for the admission of the mortgage-loan documents exists because the documents are clearly evidence of a regularly conducted business activity. If a proper foundation were laid at trial, then the mortgage-agreement documents, which constitute a record of a transaction regularly conducted by financial institutions and loan companies, would be admissible as a record of regularly conducted business activity. See *id*. at 374. Thus, the documents could be considered by the trial court during its ruling on plaintiff's motion for summary disposition without the need to establish a foundation through Golbin's affidavit or other materials. Defendant's claim, therefore, lacks merit.

-2-

Defendant also argues that the trial court should not have considered the mortgage-agreement documents because the circumstances surrounding their creation indicate a lack of trustworthiness, as noted in MRE 803(6). Defendant asserts that his signature on the documents is a forgery, and thus, the documents are not trustworthy or reliable as evidence. As noted by the trial court in its order granting plaintiff's motion for summary disposition, defendant failed to dispute properly the trustworthiness of the documents by contesting the authenticity of his signature. MCR 2.112(E)(1), which applies to actions based on written instruments, provides:

> In an action on a written instrument, the execution of the instrument and the handwriting of the defendant are admitted unless the defendant specifically denies the execution or the handwriting and supports the denial with an affidavit filed with the answer. The court may, for good cause, extend the time for filing the affidavits. [MCR 2.112(E)(1).]

Defendant never formally contested the authenticity of his signature on the mortgage-agreement documents by (1) denying that he signed them, and (2) supporting his denial with an affidavit filed with his answer to plaintiff's original complaint, as required by MCR 2.112(E)(1). Defendant cannot now argue that the documents are untrustworthy by contesting the authenticity of his signature, and thus, his claim must fail.

*Elements of a Mortgage Agreement.* Defendant next argues that the trial court erroneously granted plaintiff's motion for summary disposition because a contract did not exist between the parties. We disagree.

This Court reviews de novo a trial court's grant or denial of a motion for summary disposition. *Value, Inc v Dep't of Treasury*, 320 Mich App 571, 576; 907 NW2d 872 (2017). Plaintiff moved for summary disposition under MCR 2.116(C)(10). "A motion under MCR 2.116(C)(10) tests the factual support for a claim and should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Anzaldua v Neogen Corp*, 292 Mich App 626, 630; 808 NW2d 804 (2011). A genuine issue of material fact "exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Bennett v Russell*, 322 Mich App 638, 642; 913 NW2d 364 (2018) (cleaned up).

Defendant argues that a contract did not exist because he did not sign the mortgage-agreement documents; rather, defendant contends that his signature was forged. As previously noted, however, defendant never challenged the validity of his signature by denying that he signed the documents and supporting his denial with an affidavit submitted along with his answer. Thus, defendant's failure to deny the allegation that he signed the mortgage agreement documents resulted in the admission of the documents, including his signature, as valid and authentic. See MCR 2.112(E)(1).

Alternatively, defendant asserts that, even if his signature was authentic, he was unaware that he was signing a mortgage agreement and that he was subsequently defrauded. Defendant characterizes this fraud as "fraud in the factum," which is defined as "Fraud occurring when a legal instrument as actually executed differs from the one intended for execution by the person who executes it, or when the instrument may have had no legal existence." *Black's Law*

*Dictionary* (10th ed). "Compared to fraud in the inducement, fraud in the factum occurs only rarely, as when a blind person signs a mortgage when misleadingly told that the paper is just a letter." *Id*. Defendant contends that he was a victim of "fraud in the factum" because he signed the documents without knowledge that the documents were a mortgage agreement. However, plaintiff presented evidence in the trial court that defendant was aware of the fact that the individuals from whom he received the mortgage documents were engaged in a mortgage-fraud scheme, and that plaintiff benefitted financially from that scheme. Thus, defendant has failed to show that he was a victim of "fraud in the factum," and the trial court did not err by granting plaintiff's motion for summary disposition.

*Statute of Limitations*. Defendant next argues that the trial court erroneously granted plaintiff's motion for summary disposition because the statute of limitations applicable to the breach of a mortgage covenant had run. We disagree.

Although plaintiff moved for summary disposition under MCR 2.116(C)(10), MCR 2.116(C)(7) is the appropriate subrule for a motion for summary disposition based on the applicable statute of limitations. "[S]ummary disposition under the incorrect subrule is not fatal . . . if the record supports review under the proper subrule." *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 517; 847 NW2d 657 (2014). The record in this case supports review under MCR 2.116(C)(7). "When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). A party may also support a motion for summary disposition brought under MCR 2.116(C)(7) with affidavits, depositions, and other forms of documentary evidence. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999).

The parties agree that MCL 600.5807(5) governs the mortgage agreement at issue in this case. The statute states, "The period of limitations is 10 years for an action founded on a covenant in a deed or mortgage of real estate." MCL 600.5807(5). The parties disagree, however, regarding the date on which the statutory-limitations period began to run. Defendant argues that, because plaintiff offered no evidence that defendant paid his monthly mortgage payments between 2005 and 2016, plaintiff could not specify the exact date on which the 10-year statutory-limitations period began to run. Conversely, plaintiff contends that the last date on which defendant paid a mortgage payment was January 2, 2007, which should be considered the date on which the statutory-limitations period began to run.

In support of the assertion that the statutory-limitations period began to run on January 2, 2007, plaintiff relies on Golbin's affidavit, in which she attested that "[d]efendant failed to pay the amounts due under the Agreement and . . . has not made any payments since January 2, 2007." Plaintiff consistently maintained that January 2, 2007, was the last date on which defendant made a mortgage payment, and this date was accepted by the trial court as a fact that was supported by Golbin's affidavit.

"Generally, the burden is on the defendant who relies on a statute of limitations defense to prove facts that bring the case within the statute." *Stephens v Worden Ins Agency, LLC*, 307 Mich App 220, 227; 859 NW2d 723 (2014) (cleaned up). Defendant has not produced evidence contesting or contradicting the January 2, 2007 date. Instead, defendant only argues that plaintiff

-4-

cannot conclusively prove that defendant stopped paying his mortgage payments because plaintiff's only evidence is contained in Golbin's affidavit. Defendant provides no support for the notion that the affidavit cannot be used as evidence in support of the factual accuracy of the January 2, 2007 payment date. Plaintiff filed its complaint on August 29, 2016, a date that fell within 10 years of the January 2, 2007 date accepted by the trial court as the date plaintiff's claim against defendant accrued. Accordingly, the action was not barred by the statutory-limitations period contained in MCL 600.5807(5), and defendant's claim must fail.

*Chain of Title and Assignments.* Finally, defendant argues that the trial court erroneously granted plaintiff's motion for summary disposition because plaintiff failed to prove, through a properly recorded assignment, that it was a valid successor-in-interest to defendant's debt. Assuming without deciding that evidence of a properly recorded assignment was not produced in the trial court, we nonetheless conclude that defendant lacks standing to challenge the validity of the assignment to plaintiff.

Regardless of whether the assignment of the mortgage was properly recorded, Michigan courts have consistently held that an individual who is not directly involved as a party to an assignment lacks standing to challenge the validity of the assignment. See *Bowles v Oakman*, 246 Mich 674, 678; 225 NW 613 (1929). In *Bowles*, the Michigan Supreme Court held, "The maker of a promissory note cannot, in an action brought against him by the indorsee or transferee thereof, litigate questions that can properly arise only between the holder and his immediate indorser." *Id*. at 679 (cleaned up). Thus, defendant does not have standing to challenge the assignment of interest in the mortgage agreement because he was neither a party to the assignment nor a third-party beneficiary of the assignment.

We find persuasive the analysis employed by the Sixth Circuit in *Livonia Props Holdings, LLC v 12840-12976 Farmington Rd Holdings, LLC*, 399 F Appx 97 (CA 6, 2010). In *Livonia Props*, the Sixth Circuit concluded that the plaintiff, who was the mortgagor of the property, lacked standing to challenge the assignment of the mortgage. *Id*. at 102-103. The Sixth Circuit reasoned as follows:

> [E]ven if there was a flaw in the assignment, [the plaintiff] does not have standing to raise that flaw to challenge [the defendant]'s chain of title. As recognized by the district court, there is ample authority to support the proposition that a litigant who is not a party to an assignment lacks standing to challenge that assignment. [*Id*. at 102 (cleaned up).]

Because defendant was not a party to the actual assignment of the mortgage debt to plaintiff, he lacks standing to challenge plaintiff's status as the current holder of his debt. See *id*. Because defendant lacked standing to challenge the assignment to plaintiff, the trial court's ruling must be affirmed. This Court notes that the trial court did not specifically address standing when granting the motion for summary disposition. In granting the motion for summary disposition, however, the trial court nevertheless reached the correct result. "When this Court concludes that a trial court has reached the correct result, this Court will affirm even if it does so under alternative reasoning." *Messenger v Ingham Co Prosecutor*, 232 Mich App 633, 643; 591 NW2d 393 (1998).

Affirmed.

/s/ Stephen L. Borrello
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron