CESSNA FINANCE CORPORATION v WARMUS

Docket No. 91616. Submitted December 16, 1986, at Lansing. Decided April 22, 1987.

Thomas A. Warmus, doing business as Investment Lease Company, purchased an airplane from Cessna Aircraft Company and executed an installment sales contract and promissory note. The sales contract named Cessna Finance Corporation as assignee. Warmus ceased making payments, prompting Cessna Finance to file an action in the Oakland Circuit Court claiming damages from Warmus' default. Warmus answered that the sole consideration for execution of the installment contract had failed, i.e., the airplane was beset with mechanical difficulties. Warmus also counterclaimed against Cessna Finance for breach of warranty and filed a third-party claim against Cessna Aircraft for breach of warranty. Warmus filed a motion for partial summary disposition, specifically requesting a ruling that Cessna Finance was not a holder in due course of the promissory note thus enabling Warmus to raise the defense of failure of consideration. Cessna Finance replied with its own motion for partial summary disposition arguing that, under a clause in the sales contract, once the contract was assigned "the contract shall be free from any claims whatsoever which buyer might have against seller." The circuit court, Alice L. Gilbert, J., denied Warmus' motion, granted Cessna Finance's motion, and subsequently entered a judgment in favor of Cessna Finance for the deficiency after the repossession and sale of the airplane. Warmus appealed.

The Court of Appeals held:

An assignee may rely on an agreement precluding an assertion of certain defenses against the assignee only if the assignee is a holder in due course. A holder in due course of an instrument is one who takes the instrument (1) for value, (2) in good faith, and (3) without notice that it is overdue or has been dishonored, or of any defenses or claims to it. Holder-in-due-

REFERENCES

Am Jur 2d, Bills and Notes §§ 397 et seq.

What constitutes taking instrument in good faith, and without notice of infirmities or defenses, to support holder-in-due-course status, under UCC § 3-302. 36 ALR4th 212.

course status operates to insulate the holder from certain defenses to the instrument of any party with whom the holder has not dealt. However, a holder is subject to all defenses of a party with whom the holder has dealt. In this case, issues of material fact existed regarding whether Cessna Finance took the instrument in good faith and without notice of defenses, and the circuit court therefore erred in granting partial summary disposition in favor of Cessna Finance.

Reversed and remanded.

1. BILLS, NOTES, AND CHECKS — NEGOTIABLE INSTRUMENTS — SALES — ASSIGNMENT — HOLDER IN DUE COURSE.

An assignee who assumes a seller's rights under an installment sales contract and promissory note may rely on the buyer's agreement not to assert against the assignee any claim or defense which he may have against the seller only if the assignee is a holder in due course (MCL 440.9206; MSA 19.9206).

2. BILLS, NOTES, AND CHECKS — NEGOTIABLE INSTRUMENTS — SALES — HOLDER IN DUE COURSE.

A holder in due course of a negotiable instrument is one who takes the instrument (1) for value, (2) in good faith, and (3) without notice that it is overdue or has been dishonored, or of any defenses or claims to it; holder-in-due-course status operates to insulate the holder from certain defenses to the instrument of any party with whom the holder has not dealt; however, a holder is subject to all defenses of a party with whom the holder has dealt (MCL 440.3302, 440.3305; MSA 19.3302, 19.3305).

*Patterson & Patterson, Whitfield, Manikoff, Ternan & White* (by *David W. Moore* and *Robert G. Waddell*), for plaintiff.

*Tolley, Fisher & Verwys, P.C.* (by *Peter R. Tolley* and *Todd R. Dickinson*), for defendant.

Before: M. J. KELLY, P.J., and SULLIVAN and D. R. CARNOVALE,* JJ.

D. R. CARNOVALE, J. Defendant Thomas A. War-

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

mus appeals the trial judge's entry of a deficiency judgment in favor of plaintiff Cessna Finance Corporation, the assignee of a promissory note and installment sales contract between Warmus and third-party defendant Cessna Aircraft Company.

Warmus purchased an airplane from Cessna Aircraft. Warmus executed an installment sales contract and promissory note. The sales contract named Cessna Finance as assignee. After allegedly encountering mechanical difficulties with the plane, Warmus ceased payment on the installment contract.

Assignee Cessna Finance sued Warmus, claiming damages from Warmus' default in making payments due under the installment contract. Warmus defended on the ground that the sole consideration for execution of the installment contract failed. Warmus also counterclaimed against Cessna Finance for breach of warranty and sued Cessna Aircraft for breach of warranty.

Following discovery, Warmus moved for partial summary disposition. Specifically, Warmus requested a ruling that Cessna Finance was not a holder in due course of the promissory note and installment sales contract it took by assignment from Cessna Aircraft. To support his motion, Warmus submitted: (1) Cessna Finance's admissions that it drafted the installment sales contract form used by Cessna Aircraft in defendant's purchase transaction and that its own name was preprinted thereon under "assignments"; (2) Cessna Finance's admission that it drafted the promissory note form that was used by Cessna Aircraft; (3) Cessna Finance's admission that it performed a credit check on defendant before he purchased the airplane from Cessna Aircraft; (4) the deposition testimony of Cessna Finance's administrative manager, David Carl Peaden, that more than fifty percent of

Cessna Finance's income derives from the sale of aircraft manufactured by Cessna Aircraft; (5) interrogatory answers that five persons from Cessna Finance's seven-member board were on Cessna Aircraft's board at the time Warmus executed the contract, three of whom were corporate officers of Cessna Aircraft.

Cessna Finance replied with its own motion for partial summary disposition predicated upon a waiver of defenses clause which provided for assignment of the contract and stated "when so assigned the contract shall be free from any claims whatsoever which buyer might have against seller."

The trial court denied Warmus' motion without prejudice, and granted summary disposition to Cessna Finance, relying on the above-quoted waiver of defenses clause in the installment sales contract. Subsequently, the trial court entered judgment for Cessna Finance for the deficiency after the repossession and sale of the aircraft. Defendant appeals from that judgment as of right.

On appeal, Warmus contends he may assert the defense of failure of consideration against Cessna Finance because Warmus is a party with whom the holder, Cessna Finance, has dealt. To avoid Cessna Finance's argument that only Cessna Aircraft owed a duty to Warmus under the installment sales contract, Warmus urges this Court to adopt the "close-connections" or "close-connectedness" doctrine. Under that doctrine, if the assignee financing company is closely connected with the sales transaction, it cannot claim that it is a holder in due course. *Ramadan v Equico Lessors, Inc,* 448 So 2d 60, 61 (Fla App, 1984).

The trial court rejected Warmus' reliance on the close-connections doctrine, reasoning that the majority of states which have adopted the doctrine

apply it only to consumer transactions. The court further relied on MCL 445.865(d); MSA 19.416(115)(d), which provides that holders of retail installment contracts are subject to all claims and defenses of a buyer of *consumer goods* arising out of the retail transaction, notwithstanding any other provision of law. By negative implication, the court reasoned that the Legislature intended no similar protection for persons such as Warmus, who enter into business transactions.

We believe that the trial judge has erred in granting Cessna Finance's motion for summary disposition because a question of fact existed as to whether Cessna Finance was a holder in due course.

MCL 440.9206; MSA 19.9206 provides:

> Subject to any statute or decision which establishes a different rule for buyers or lessees of consumer goods, an agreement by a buyer or lessee that he will not assert against an assignee any claim or defense which he may have against the seller or lessor is enforceable by an assignee who takes his assignment for value, in good faith and without notice of a claim or defense, except as to defenses of a type which may be asserted against a holder in due course of a negotiable instrument under the article on commercial paper (article 3). A buyer who as part of one transaction signs both a negotiable instrument and a security agreement makes such an agreement.

Pursuant to the above statute, an assignee may rely on an agreement precluding an assertion of certain defenses against an assignee only if the assignee is a holder in due course.

A holder in due course of an instrument is one who takes the instrument (1) for value, (2) in good faith, and (3) without notice that it is overdue or

has been dishonored, or of any defenses or claims to it. MCL 440.3302; MSA 19.3302. Holder-in-due-course status operates to insulate the holder from certain defenses to the instrument of any party with whom the holder has not dealt. However, a holder is subject to all defenses of a party with whom the holder has dealt. MCL 440.3305; MSA 19.3305.

When ruling on a motion for summary disposition with regard to holder-in-due-course status, the trial court must determine if there exist issues of material fact on the question of good faith and on the question of whether the holder took the instrument without notice. Good faith and notice are issues for the trier of fact under conflicting evidence. However tenuous a nonmoving party's evidence might be, the design of a motion for summary disposition is not to permit the court to decide issues of fact, but, rather, to determine whether there is an issue of fact to be determined. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973).

We believe issues of material fact remain in the instant case, and thus that the question of good faith and notice should properly be submitted to the trier of fact. Evidence exists that Cessna Finance's name, as assignee, was on the preprinted form at the time of the execution of the lease agreement. Evidence exists that Cessna Finance made an independent check of Warmus' credit. Evidence exists that management of Cessna Finance and Cessna Aircraft was related by common members of their boards of directors and corporate officers.

We find that because this evidence creates issues of material fact with regard to Cessna Finance's good faith as well as to its notice of defenses to the transaction on the part of Warmus, the trial judge

erred in granting Cessna Finance's motion for summary disposition.

Under our disposition, it is unnecessary to adopt the close-connectedness doctrine. We believe that the doctrine is only a substitute for a proper analysis under existing law. Stated otherwise, it is unnecessary to adopt the doctrine when the issue can be properly addressed under existing law. To the extent that the factors relied on by other courts as indicative of close-connectedness are within the totality of the circumstances of a particular case, see, e.g., White & Summers, Uniform Commercial Code (2d ed), § 14-8, the parties may rely on them to establish that an assignee is not a holder in due course.

Reversed and remanded.