# STATE OF MICHIGAN

# COURT OF APPEALS

BZA 301 HOLDINGS LLC,

Plaintiff-Appellee,

v

LOUIS STEVENS,

Defendant-Appellant.

UNPUBLISHED
November 10, 2015

No.  323359
Oakland Circuit Court
LC No.  2013-134650-CK

Before:  SAWYER, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

In this action to enforce a promissory note, defendant Louis Stevens appeals as of right from the order granting summary disposition and judgment in favor of plaintiff BZA 301 Holdings LLC.  We affirm.

The facts in this matter are not in dispute.  Defendant entered into a home equity line of credit agreement with Quicken Loans in October 2005 and received a loan of $41,250.  Quicken Loans secured the loan with a mortgage on defendant's home.  The promissory note that defendant executed with Quicken Loans was subsequently assigned to Cadence Financial, LLC. An earlier mortgage on defendant's property, held by BAC Home Loans Servicing, was senior in interest to the Quicken Loans/Cadence Financial mortgage.  Defendant defaulted on payments for that earlier mortgage, it was foreclosed in December 2010, and defendant's home was sold at a sheriff's sale in February 2011.

Cadence Financial filed the instant lawsuit on June 21, 2013, alleging that defendant had defaulted on the home equity line of credit and owed $43,475.07 plus interest, costs, and attorney fees.  On July 2, 2013, Cadence Financial changed its name to BZA 301 Holdings, LLC (hereafter plaintiff).  It is undisputed that defendant did not respond to interrogatories and requests for admissions sent by plaintiff in September 2013, and the requests were deemed admitted pursuant to MCR 2.312(B)(1).

On December 10, 2013, plaintiff moved for summary disposition pursuant to MCR 2.116(C)(10).  In its motion, plaintiff pointed out that defendant was deemed to have admitted, among other things, that he entered into the home equity line of credit agreement, that he defaulted on the payments, and the amount due and owing to plaintiff.  Plaintiff asserted that where defendant had failed to respond to discovery and contest liability or the amount of the

-1-

debt, no genuine issues of material fact existed to warrant trial and plaintiff was entitled to summary disposition pursuant to MCR 2.116(C)(10).

In his response, defendant conceded that he had signed the home equity line of credit agreement, that the concomitant mortgage became a second lien on defendant's home, that the more senior mortgage on his home held by BAC Home Loans Servicing had been foreclosed, and the property was sold at a sheriff's sale. Defendant asserted that plaintiff's mortgage on the property was extinguished, and that plaintiff's promissory note was "no longer negotiable after the sheriff's sale." Defendant also challenged plaintiff's interest in the note, stating that plaintiff had not provided any documentary evidence in support of its assertion that it was the assignee of the note, and argued that plaintiff was not a holder in due course under Michigan law and was therefore not entitled to enforce the promissory note.

The trial court initially denied plaintiff's motion for summary disposition on the ground that genuine factual issues existed regarding whether plaintiff was in fact the assignee of the promissory note from Quicken Loans because plaintiff had failed to submit any documentary evidence of the assignment and/or other evidence establishing plaintiff as a "holder in due course" who may enforce the promissory note. Plaintiff moved for reconsideration on several grounds, relevantly arguing that where it held possession of the promissory note and the note had been negotiated to Cadence Financial, plaintiff was a "holder" of the note entitled to enforce it. The trial court granted plaintiff's motion for reconsideration and granted summary disposition to plaintiff pursuant to MCR 2.116(C)(10), noting that plaintiff had presented evidence that the promissory note had been endorsed from various entities to plaintiff and that plaintiff was a "holder in due course" and could enforce the note pursuant to MCL 440.3305(3). In its opinion, the court also cited *Bowles v Oakman*, 246 Mich 674, 678-679; 225 NW 613 (1929), as support for the finding that a maker of a promissory note could not attack the validity of a transfer between an indorsor and indorsee. The trial court denied defendant's motion for reconsideration and entered summary disposition in favor of plaintiff.

Defendant contends that the trial court erred in ruling for plaintiff because plaintiff was not entitled to enforce the promissory note on several grounds, primarily because it was not a holder in due course under MCL 440.4401 *et seq.* This Court reviews de novo a lower court's decision concerning a motion for summary disposition pursuant to MCR 2.116(C)(10). *Smith v Globe Life Ins Co*, 460 Mich 446, 453; 597 NW2d 28 (1999).

> "In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a trial court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the affidavits or other documentary evidence show that there is no genuine issue in respect to any material fact, and the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10), (G)(4)." [*Smith*, 460 Mich at 454-455, quoting *Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996).]

The lower court's decision with regard to a motion for reconsideration is reviewed for an abuse of discretion. *Churchman v Rickerson*, 240 Mich App 223, 233; 611 NW2d 333 (2000).

After a review of the relevant statutory provisions, it is clear that the trial court correctly decided that plaintiff was entitled to enforce the promissory note. MCL 440.3301 specifies who may enforce a negotiable instrument.

> "Person entitled to enforce" an instrument means (i) *the holder of the instrument*, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to [MCL 440.3309] or [MCL 440.3418(4).] A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument. [MCL 440.3301 (Emphasis added; footnote omitted).]

MCL 440.1201(2)(u) further provides the following definition of a "holder."

> "Holder" means any of the following:
>
> (*i*) *A person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession.*
>
> (*ii*) A person in possession of a negotiable tangible document of title if the goods are deliverable either to bearer or to the order of the person in possession.
>
> (*iii*) A person in control of a negotiable electronic document of title. [Emphasis added.]

In the instant case, it is clear to us that plaintiff is a "holder" of the promissory note at issue as set forth in MCL 440.1201(2)(u)(*i*) and therefore entitled to enforce the promissory note pursuant to MCL 440.3301. The parties do not dispute that plaintiff holds possession of the promissory note, and in support of its motion for reconsideration plaintiff produced a copy of the promissory note along with an affidavit of plaintiff's custodian of records, who attested that "the documents attached hereto and which form the basis for this suit are true and exact copies of the originals." Additionally, a review of the promissory note itself reflects an endorsement to Cadence Financial on page 8 of the document.

To the extent that defendant asserts that plaintiff is not a holder in due course, this is simply not the appropriate inquiry. Rather than determining whether one is entitled to enforce a promissory note, the status of being "a holder in due course" goes more to the defenses that may be asserted against the holder of the note, and not to the issue of enforceability. In *Cessna Finance Corp v Warmus*, 159 Mich App 706, 710-711; 407 NW2d 66 (1987), this Court recognized what being a holder in due course means under the law.

> A holder in due course of an instrument is one who takes the instrument (1) for value, (2) in good faith, and (3) without notice that it is overdue or has been dishonored, or of any defenses or claims to it. MCL 440.3302. Holder-in-due-course status operates to insulate the holder from certain defenses to the instrument of any party with whom the holder has not dealt. However, a holder is subject to all defenses of a party with whom the holder has dealt. MCL 440.3305. [Emphasis added.]

Thus, rather than determining whether one may enforce a promissory note, holder-in-due-course status means that the holder will be protected from various defenses to complying with the terms of the instrument made by one with whom the holder has not dealt.[1]

This is further confirmed by a review of MCL 440.3305, which provides in pertinent part:

> (1) Except as otherwise provided in this section, the right to enforce the obligation of a party to pay an instrument is subject to the following:

> (a) A defense of the obligor based on (i) infancy of the obligor to the extent it is a defense to a simple contract, (ii) duress, lack of legal capacity, or illegality of the transaction which, under other law, nullifies the obligation of the obligor, (iii) fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms, or (iv) discharge of the obligor in insolvency proceedings.

> (b) A defense of the obligor stated in another section of this article or a defense of the obligor that would be available if the person entitled to enforce the instrument were enforcing a right to payment under a simple contract.

> (c) A claim in recoupment of the obligor against the original payee of the instrument if the claim arose from the transaction that gave rise to the instrument, but the claim of the obligor may be asserted against a transferee of the instrument only to reduce the amount owing on the instrument at the time the action is brought.

> (2) *The right of a holder in due course to enforce the obligation of a party to pay the instrument is subject to defenses of the obligor stated in subsection (1)(a), but is not subject to defenses of the obligor stated in subsection (1)(b) or claims in recoupment stated in subsection (1)(c) against a person other than the holder.* (Emphasis added.)

After reviewing the record evidence in the light most favorable to defendant, we agree with the trial court that no genuine issues of material fact existed concerning whether plaintiff was entitled to enforce the subject promissory note. This conclusion is particularly appropriate under the present facts where defendant failed to respond to plaintiff's discovery requests, including plaintiff's requests for admissions. In sum, although our analysis differs, we are of the view that the trial court reached the correct conclusion that plaintiff was entitled to summary disposition. Further, this Court will uphold a decision on appeal where the lower court reached the correct result, even if for different reasons. *Gleason v Dep't of Transp,* 256 Mich App 1, 3; 662 NW2d 822 (2003).

---

[1] We note that the trial court misspoke to the extent it stated that plaintiff was a holder in due course and therefore entitled to enforce the promissory note.

Defendant also asserts on appeal that the trial court erred in relying on the Supreme Court's decision in *Bowles*, 246 Mich 674. We have reviewed the *Bowles* case and find it factually distinguishable. It is clear to us that the trial court's citation to *Bowles* was certainly not a pivotal part of its decision to grant reconsideration of its prior order denying plaintiff's motion for summary disposition. Indeed, the trial court observed that genuine factual issues did not exist to warrant trial where the record was clear that the subject promissory note was endorsed to Cadence Financial, which changed its name in July 2013 to BZA 301 Holdings. In other words, the court clearly found on other grounds that plaintiff was entitled to enforce the subject promissory note, and given that the facts in *Bowles* are distinguishable from the instant case, the trial court's citation to *Bowles* in granting reconsideration did not amount to an error of law or an abuse of discretion that warrants reversal of its order.

Affirmed.

/s/ David H. Sawyer
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood