IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2022 Term

_____

No. 20-0970

_____

FILED
March 7, 2021
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

CLETE PAVONE,
Plaintiff Below, Petitioner

v.

NPML MORTGAGE ACQUISITIONS, LLC, A FOREIGN CORPORATION,
Defendant Below, Respondent

_____

Appeal from the Circuit Court of Monongalia County
Honorable Phillip D. Gaujot, Judge
Civil Action No. 19-C-110

REVERSED AND REMANDED WITH DIRECTIONS
_____

Submitted: January 12, 2022
Filed: March 7, 2022

Edmund J. Rollo, Esq.
Morgantown, West Virginia
Attorney for Petitioner

Buddy Turner, Esq.
Gaydos & Turner, PLLC
Kingwood, West Virginia
Attorney for Respondent

CHIEF JUSTICE HUTCHISON delivered the Opinion of the Court.
JUSTICE ALAN D. MOATS, sitting by special assignment, not participating.

**SYLLABUS BY THE COURT**

1.      "Where neither party to an appeal raises, briefs, or argues a jurisdictional question presented, this Court has the inherent power and duty to determine unilaterally its authority to hear a particular case. Parties cannot confer jurisdiction on this Court directly or indirectly where it is otherwise lacking."  Syl. Pt. 2, *James M.B. v. Carolyn M.,* 193 W. Va. 289, 456 S.E.2d 16 (1995).

2.      """In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."  *Warth v. Seldin*, 422 U.S. 490, 498 [95 S.Ct. 2197, 45 L.Ed.2d 343] (1975).'  *Findley v. State Farm Mutual Automobile Insurance Company*, 213 W.Va. 80, 576 S.E.2d 807 (2002)."  Syl. Pt. 4, *Manville Personal Injury Settlement Trust v. Blankenship,* 231 W. Va. 637, 749 S.E.2d 329 (2013).

3.      A litigant who is not a party to a mortgage assignment or a party intended to benefit from the assignment lacks standing to challenge the assignment.

**HUTCHISON, Chief Justice:**

The petitioner, Clete Pavone, appeals the October 27, 2020, final order of the Circuit Court of Monongalia County granting summary judgment in favor of the respondent, NPML Mortgage Acquisitions, LLC ("NPML Mortgage"). Mr. Pavone filed suit against NPML Mortgage in April 2019 after he received a foreclosure notice advising him that his real property located in Granville, West Virginia, was going to be sold.[1] Mr. Pavone alleged that NPML Mortgage had no lawful right to foreclose on his property because it lacked a valid assignment of the deed of trust on the property. The circuit court found, however, that the after-acquired title doctrine cured any irregularity in the assignment of the deed of trust.

In this appeal, Mr. Pavone contends that the circuit court erred in its application of the after-acquired title doctrine. Upon consideration of the parties' briefs and oral argument, the appendix record, and the relevant authorities, we find that Mr. Pavone lacks standing to challenge the assignment of the deed of trust to NPML Mortgage. Accordingly, for the reasons set forth below, we reverse the circuit's court's decision and remand this case for entry of an order dismissing this action for lack of standing.

---

[1] The notice Mr. Pavone received was from Seneca Trustees, Inc., which indicated that it was the substitute trustee under the deed of trust and was conducting the foreclosure sale on behalf of NPML Mortgage. Mr. Pavone named Seneca Trustees, Inc., as a defendant in his complaint along with NPML Mortgage, but later requested it be dismissed from the action. Seneca Trustees, Inc., was dismissed from the action by order of the circuit court entered on August 5, 2019.

1

# I. Facts and Procedural Background

Mr. Pavone obtained the subject property by a general warranty deed from Patrick Russell on October 21, 2018. Before selling the property to Mr. Pavone, Mr. Russell owned the real estate for almost twenty years, having acquired it on June 25, 1999. Six months after he purchased the property in 1999, Mr. Russell obtained a $20,000 loan from Equity South Mortgage, LLC. The loan was secured by a deed of trust on the subject property and was duly recorded in the Office of the Clerk of the County Commission of Monongalia County on December 29, 1999. Unbeknownst to Mr. Pavone, the property remained encumbered by the deed of trust when he purchased it in 2018.[2]

The record shows that over the years the deed of trust was assigned to various companies with the final assignment to NPML Mortgage. The chain of assignments that Mr. Pavone challenged during the proceedings below is as follows:[3] (1) the first assignment of the deed of trust from Equity South Mortgage, LLC, to EFC Mortgage Corporation was made on January 16, 2000, and was recorded on February 7, 2019; (2) the second assignment from EFC Mortgage Corporation to Life Bank occurred on January 7,

---

[2] It appears that Mr. Pavone did not conduct a title search before he bought the property.

[3] According to the record, there are two entirely separate chains of assignments with respect to the deed of trust recorded in the Office of the Clerk of the County Commission of Monongalia County, both of which end with NPML Mortgage. However, NPML Mortgage does not claim to have obtained its assignment through the first chain as an assignment from Equity South Mortgage to the first purported assignee does not exist. Accordingly, the first chain of assignments was not at issue in this case.

2000, and was recorded on February 11, 2019; (3) the third assignment from Life Bank to Franklin Credit Management Corporation was dated August 15, 2005, and was recorded on February 12, 2019; (4) the fourth assignment from Franklin Credit Management Corporation to Deutsche Bank National Trust Company occurred on February 4, 2009, and was recorded on February 13, 2019; and (5) the final assignment from Deutsche Bank National Trust Company to NPML Mortgage was on January 30, 2019, and was recorded on February 14, 2019.

As set forth above, Mr. Pavone filed suit against NPML Mortgage in April 2019 after he received the foreclosure notice. By order entered April 29, 2019, the circuit court granted a temporary injunction of the foreclosure sale. Thereafter, Mr. Pavone filed an amended complaint alleging that NPML did not have a valid assignment of the deed of trust. The basis of Mr. Pavone's claim was the fact that the second assignment of the deed of trust from EFC Mortgage Corporation to Life Bank occurred on January 7, 2000, nine days before the mortgage was transferred to EFC Mortgage Corporation from Equity South Mortgage. Mr. Pavone asserted that the second assignment, which purportedly occurred before the first assignment, constituted a "fatal break" in the chain of assignments such that there was never a valid assignment of the deed of trust to NPML Mortgage.

The facts were undisputed, so the parties filed cross-motions for summary judgment. Mr. Pavone argued that the deed of trust remained with EFC Mortgage as it never assigned its interest after it was obtained on January 16, 2000. Therefore, Mr. Pavone

3

reasoned that NPML Mortgage did not have a valid assignment of the deed of trust that would permit it to foreclose on his property. Conversely, NPML Mortgage maintained that it had a valid assignment of the deed of trust pursuant to the after-acquired title doctrine. As NPML Mortgage asserted: "The after-acquired title doctrine states that title acquired by a grantor, who previously attempted to convey title to land which the grantor did not in fact own, inures automatically to the benefit of prior grantees." *Citing* 9 *Thompson on Real Property,* Thomas Editions § 82.11 (2020).

By order dated October 27, 2020, the circuit court denied Mr. Pavone's motion for summary judgment and granted the motion for summary judgment filed by NPML Mortgage. The circuit court found that the after-acquired title doctrine cured the irregularity in the chain of title and that the assignment of the deed of trust to NPML Mortgage was valid. Upon entry of the circuit court's order, Mr. Pavone filed this appeal.

## II. Standard of Review

Mr. Pavone appeals from the circuit court's order granting summary judgment to NPML Mortgage. It is well established that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

4

## III. Discussion

Mr. Pavone asserts error with respect to the circuit court's application of the after-acquired title doctrine and its finding that NPML Mortgage has a valid assignment of the deed of trust. However, as a threshold matter, we find it is necessary to consider whether Mr. Pavone has standing to challenge the assignment of the deed of trust to NPML Mortgage. "Standing is a jurisdictional requirement that cannot be waived, and may be brought up at any time in a proceeding." Franklin D. Cleckley, Robin J. Davis & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure* § 12(b), at 21 (Supp. 2004); *see also State ex rel. Paul B. v. Hill*, 201 W. Va. 248, 256, 496 S.E.2d 198, 206 (1997) (noting that "standing is an element of jurisdiction over the subject matter"). Although neither party raised the issue below or in their initial briefing of this appeal, we have the authority to sua sponte address the issue as this Court has previously held:

> Where neither party to an appeal raises, briefs, or argues a jurisdictional question presented, this Court has the inherent power and duty to determine unilaterally its authority to hear a particular case. Parties cannot confer jurisdiction on this Court directly or indirectly where it is otherwise lacking.

Syl. Pt. 2, *James M.B. v. Carolyn M.,* 193 W. Va. 289, 456 S.E.2d 16 (1995); *see also State ex rel. Abraham Linc Corp. v. Bedell*, 216 W. Va. 99, 111, 602 S.E.2d 542, 554 (2004) (Davis, J., concurring) ("The decisions of this Court and other jurisdictions have pointed out that an appellate court has the inherent authority and duty to *sua sponte* address the

5

issue of standing, even when the parties have failed to raise the issue at the trial court level or during a proceeding before the appellate court.").[4]

"[S]tanding is defined as '[a] party's right to make a legal claim or seek judicial enforcement of a duty or right.'" *Findley v. State Farm Mut. Auto. Ins. Co.*, 213 W. Va. 80, 94, 576 S.E.2d 807, 821 (2002) (quoting Black's Law Dictionary 1413 (7th ed. 1999)). As this Court has observed,

> "'[i]n essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.' *Warth v. Seldin*, 422 U.S. 490, 498 [95 S.Ct. 2197, 45 L.Ed.2d 343] (1975)." *Findley v. State Farm Mutual Automobile Insurance Company*, 213 W.Va. 80, 576 S.E.2d 807 (2002).

Syl. Pt. 4, *Manville Personal Injury Settlement v. Trust v. Blankenship*, 231 W.Va. 637, 749 S.E.2d 329 (2013). Stated another way, "when standing is placed in issue in a case, the question is whether the person whose standing is challenged is a proper party to request an adjudication of a particular issue[.]" *Findley*, 213 W. Va. at 95, 576 S.E.2d at 822 (additional citation omitted).

In this case, the focus of our standing inquiry is whether Mr. Pavone is the proper party to challenge the assignment of the deed of trust to NPML Mortgage given that

---

[4] While the parties did not raise the issue, after oral argument of this appeal, this Court ordered the parties to file simultaneous supplemental briefs addressing Mr. Pavone's standing to bring the action before the circuit court.

he was not a party to the assignment contract.  In fact, Mr. Pavone was not the borrower.

This Court had long recognized that the "prudential standing rule . . . normally bar litigants

from asserting the rights or legal interests of others in order to obtain relief from an injury

to themselves." *Kessel v. Leavitt*, 204 W. Va. 95, 118, 511 S.E.2d 720, 743 (1998) (quoting

*Warth v. Seldin*, 422 U.S. 490, 509, 95 S.Ct. 2197, 2210, 45 L.Ed.2d 343, 361 (1975)). In

other words, "[o]ne specific aspect of standing is that one generally lacks standing to assert

the rights of another."  *State ex rel. Leung v. Sanders*, 213 W. Va. 569, 578, 584 S.E.2d

203, 212 (2003).  Indeed,

> [t]raditionally, courts have been reluctant to allow persons to claim standing to vindicate the rights of a third party on the grounds that third parties are generally the most effective advocates of their own rights and that such litigation will result in an unnecessary adjudication of rights which the holder either does not wish to assert or will be able to enjoy regardless of the outcome of the case

*Snyder v. Callaghan*, 168 W. Va. 265, 279, 284 S.E.2d 241, 250 (1981).


Although this Court has not previously considered whether a litigant who is

not a party to an assignment has standing to challenge the assignment, courts that have

considered the issue in the context of mortgage assignments have concluded that such a

litigant has no standing.  For example, in *Marcuzzo v. Bank of the West*, 862 N.W.2d 281

(Neb. 2015), the mortgagors, Brian and Donna Marcuzzo, filed suit against Wells Fargo

Bank, the Federal National Mortgage Association, and Bank of the West following the

foreclosure and subsequent sale of their residence.  All of the Macuzzos' claims were based

on their contention that the assignment of their mortgage was improper.  Specifically, the

7

Marcuzzos asserted that there was a defective assignment of their mortgage because a Wells Fargo employee signed documents that should have been signed by a Bank of the West employee and, further, the wrong loan servicing number had been used. As in the case at bar, the lower court granted summary judgment in favor of the defendant banks. On appeal, the Marcuzzos argued, inter alia, that there were genuine issues of fact with regard to the assignment of their mortgage. The Supreme Court of Nebraska, concluded, however, that the Marcuzzos "lack[ed] standing to attack the assignment of their mortgage." 862 N.W.2d at 289.

In finding the Marcuzzos did not have standing to challenge the assignment of their mortgage, the Nebraska court reasoned:

> [S]tanding requires that a plaintiff show his or her claim is premised on his or her own legal rights as opposed to rights of a third party. Accordingly, Nebraska law states that "only a party (actual or alleged) to a contract can challenge its validity." "'[T]he fact that a third party would be better off if a contract were unenforceable does not give him standing to sue to void the contract.'" Parties can recover as third-party beneficiaries of a contract only if it appears that the rights and interest of the third parties "'were contemplated and that provision was being made for them.'"
>
> Though we have never addressed the more specific question of whether a borrower has standing to challenge the assignment of their mortgage, it follows from these rules that a borrower who is not a party to a mortgage assignment, or a party intended to benefit from the assignment, lacks standing to challenge the assignment.
>
> While not many courts have addressed this specific question, the majority of courts have found under these principles that borrowers do not have standing to challenge an

8

assignment of their mortgage, because they are not a party to the assignment contract. This is true even if there is proof that the assignment is somehow flawed. Where the mortgage assignment does not alter the borrower's obligations under the note or mortgage, and no injury is traceable to the mortgage assignment, the borrowers simply have shown no injury. In reaching this conclusion, courts rely on the general common-law principle that the maker of a promissory note cannot challenge his or her obligations under the note by asserting that an invalid assignment had occurred.

862 N.W.2d at 289-90 (footnotes and citations omitted).

Similarly, in *Ames v. JP Morgan Chase Bank, N.A.,* 783 S.E.2d 614 (Ga. 2016), the mortgagors, Cindy and David Ames, filed suit when Chase Bank initiated a foreclosure sale on their property. The Ameses alleged that the assignment of the security deed was invalid because the power of attorney authorizing Chase Bank to make the assignment expired before the assignment was completed. Finding that the Ameses did not have standing to challenge to the assignment, the Supreme Court of Georgia explained:

> The assignment of a security deed is a contract between the deed holder and the assignee. *See Bank of Cave Spring v. Gold Kist, Inc.*, 173 Ga.App. 679, 680, 327 S.E.2d 800 (1985). And a lawsuit on a contract generally may be brought only by a party to the contract or an intended third-party beneficiary of the contract. *See* OCGA § 9–2–20. The debtor normally is not a party to an assignment of the deed, and the Ameses clearly were not a party to the assignment at issue here.
>
> * * * *
>
> [T]he debtor cannot . . . dispute the assignment; that may normally be done only by the assignor, because the debtor is not a third-party beneficiary of the assignment as a whole and particularly is not intended to directly benefit from the transfer of the power of sale. "'[S]tatus as a third-party

9

beneficiary does not imply standing to enforce every promise within a contract, including those not made for that party's benefit.' To the contrary, 'a third party beneficiary . . . can only enforce those promises made directly for his benefit.' " *Archer W. Contractors., Ltd. v. Estate of Pitts*, 292 Ga. 219, 226–227, 735 S.E.2d 772 (2012) (citations omitted). The Ameses were plainly not intended third-party beneficiaries of the assignment at issue here.

*Ames*, 783 S.E.2d at 620.

Likewise, in *Harnett v. M&T Bank*, 204 F.Supp.3d 851 (E.D. Va. 2016), another court rejected an attempt by borrowers to prevent the foreclosure on their property based an alleged improper assignment of the deed of trust. Again, the decision was based on a lack of standing. As that court explained:

[T]he Hardnetts have no standing to dispute the assignment of the Deed of Trust based on alleged improper notarization on the document and a failure to publicly record the assignment. They are neither parties to the assignment nor the intended beneficiaries of the assignment. *Bennett v. Bank of Am., N.A.*, No. 3:12cv34, 2012 WL 1354546, at *7 (E.D.Va. Apr. 18, 2012) (noting that "the validity of the assignment does not affect whether [a] [b]orrower owes its obligations, but only to whom [a] [b]orrower is obligated" (alterations in original) (citation omitted)); *Wolf v. Fed. Nat'l Mortg. Ass'n*, 830 F.Supp.2d 153, 161 (W.D.Va.2011), aff'd, 512 Fed.Appx. 336 (4th Cir.2013). Because the Hardnetts lack standing to challenge the assignment of the Deed of Trust, any claim based on such assignment fails.

*Harnett*, 204 F.Supp.3d at 858. Several other courts have reached the same conclusion. *See Haynes v. McCalla Raymer, LLC*, 793 F.E2d 1246, 1251 (11th Circ. 2015) (borrowers lack standing to bring their claim because they "are not parties to the assignment they are challenging"); *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (a non-

party mortgagor "lacks requisite standing" to challenge assignment of deed of trust); *Yuille v. American Home Mortg. Services, Inc.*, 483 Fed.Appx. 132, 135 (6th Cir. 2012) (defaulting borrower "as a stranger to the [mortgage] assignment, lacked standing to challenge its validity"); *Hopper v. Mortgage Electronic Registrations Systems, Inc.,* No. 3:18-cv-00034-FDW-DSC, 2018 WL 1278204, at *3 (W.D. N.C. Mar. 12, 2018) (mortgagor lacked standing to challenge assignment of deed of trust because "person who is not a party to the assignment or an intended beneficiary does not possess standing to assert a claim based on the assignment's validity"); *Ukaegbu v. Select Portfolio Servicing, Inc.,* No. PWG-16-3415, 2017 WL 2930465, at *4 (D. M.D. July 7, 2017) ("Ukaegbu insists that 'no transfer of possession, endorsements or any chain of assignments exists and in fact never took place,' thereby challenging whether MERS could, as nominee for MLN, assigned MLN's rights to the Deed of Trust to Wells Fargo in the Assignment of Deed . . . But, Plaintiff is neither a party to nor a beneficiary of this contract and therefore he lacks standing to challenge it."); *Lawson v. Bank of America, N.A.,* No. 12–cv–14326, 2014 WL 4374379, at *4 (E.D. Mich. Sept. 4, 2014) ("Plaintiffs challenges to the foreclosure and sale rest on the alleged invalidity of the assignment of the mortgage and note from Countrywide/MERS to defendant. Plaintiffs lack standing to challenge the assignment."); *Hunt v. Select Portfolio Servicing, Inc.,* No. 11-14067, 2012 WL 6193865, at *4 (E.D. Mich. Dec. 12, 2012) ("Even if there were defects in the assignments [of note and mortgage] . . . .and even if such defects would destroy the chain of title, Plaintiff nevertheless lacks standing to raise such defects. Plaintiff is not a party to the assignments in question."); *Paatalo v. J.P. Morgan Chase Bank, N.A.,* No. CV-10-119-BLG-CSO, 2012

11

WL 2505742, at *7 (D. Mont. June 28, 2012) ("To the extent that Paatalo challenges the validity of the various assignments, purchase agreements, and pooling or servicing agreements, this Court concludes, as many courts have previously held, that a borrower does not have standing to challenge assignments and agreements to which it is not a party."); *Wolf v. Fed. Nat. Mortg. As'n*, 830 F.Supp.2d 153, 161 (W.D. Va. 2011) ("Wolf is not a party to the assignment from MERS to BAC [and] is not an intended beneficiary of the assignment which is, to be sure, a contract . . . As such, she lacks standing to challenge the assignment's validity.").

Notably, some courts have recognized an exception, allowing debtors to challenge an assignment that is truly void. As the *Marcuzzo* court explained,

> if the borrower was at risk of paying the same debt twice, then the borrower could establish a concrete injury arising from the improper assignment of the mortgage. If the borrower can show any injury that is directly traceable to the assignment of the mortgage, then, under this exception, the borrower would have standing to challenge that assignment.

862 N.W.2d at 290-91; *see also Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road,* 399 Fed.Appx. 97, 102 (6th Cir. 2010) (explaining that an obligor may assign as a defense to foreclosure any matter that renders an assignment void "because they cannot otherwise protect themselves from paying the same debt twice"). Obviously, in this case, Mr. Pavone could not make such a claim as he was not the borrower and, therefore, was not subject to paying the debt in the first instance.

12

Having considered the foregoing authorities, we now hold that a litigant who is not a party to a mortgage assignment or a party intended to benefit from the assignment lacks standing to challenge the assignment. Applying our holding to this case, we find that Mr. Pavone does not have standing to challenge the validity of the assignment of the deed of trust to NPML Mortgage. The facts as presented show that Mr. Pavone was not a party to the assignment of the deed of trust nor was he intended to benefit from the assignment. Accordingly, Mr. Pavone's civil action must be dismissed because he does not have standing to pursue his claim.[5]

## IV. Conclusion

For the reasons set forth above, the final order of the circuit court entered on October 27, 2020, is reversed, and this case is remanded to the circuit court for entry of an order dismissing this action for lack of standing.

Reversed and remanded with directions.

---

[5] Having found that Mr. Pavone lacks standing to bring this action, we will not address the merits of his appeal.

13